IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2010

**COREY FINLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 03-05912    W. Otis Higgs, Jr., Judge**

---

**No. W2010-00902-CCA-RM-PC  -  Filed November 1, 2010**

---

The petitioner, Corey Finley, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief from his attempted first degree murder and aggravated assault convictions. On appeal, he argues that he stated a colorable claim in his petition; therefore, the post-conviction court erred in dismissing his petition without conducting an evidentiary hearing. The State concedes that the post-conviction court erred in summarily dismissing the petition. After review, we reverse the judgment of the post-conviction court and remand for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Magan N. White, Jackson, Tennessee, for the appellant, Corey Finley.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; William L. Gibbons, District Attorney General; and Nicole C. Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On August 9, 2005, the petitioner was convicted of attempted first degree murder and aggravated assault and sentenced to an effective term of twenty-three years in the Department of Correction. This court affirmed his conviction and sentence on direct appeal. State v. Corey Finley, No. W2005-02804-CCA-R3-CD, 2007 WL 1651879, at *1 (Tenn.

Crim. App. June 7, 2007), perm. to appeal granted (Tenn. Oct. 15, 2007). The Tennessee Supreme Court granted the petitioner's application for permission to appeal for the limited purpose of remanding the case to this court for reconsideration in light of State v. Gomez, 239 S.W.3d 733 (Tenn. 2007). On remand, this court reaffirmed the petitioner's twenty-three-year sentence, and our supreme court denied his application for permission to appeal. State v. Corey Finley, No. W2007-02321-CCA-RM-CD, 2008 WL 726567, at *1 (Tenn. Crim. App. Mar. 18, 2008), perm. to appeal denied (Tenn. Sept. 29, 2008).

On May 21, 2009, the petitioner filed a *pro se* petition for post-conviction relief. Along with the form petition, the petitioner filed a motion requesting the appointment of counsel and a memorandum of law in support of his petition. Among the petitioner's claims for relief was the allegation that he was denied the effective assistance of counsel. The State filed a response on June 11, 2009, asserting that the petition "should be denied without a hearing for failing to properly allege a justiciable ground for post-conviction relief." That same day, the post-conviction court entered an order stating, "Based upon the motion of the State of Tennessee the Court finds the petition for post-conviction relief is not well-taken. IT IS HEREBY ORDERED that the Petition for Post Conviction Relief shall hereby be DISMISSED." On June 23, 2009, the petitioner filed a motion to reconsider, which the post-conviction court denied by order filed on September 18, 2009. During the interim, the petitioner filed a notice of appeal and a motion to accept a late-filed notice of appeal. On September 9, 2009, this Court denied the petitioner's motion to accept a late-filed notice of appeal. After discretionary review by the Tennessee Supreme Court, the court ordered on April 23, 2010 that the timely filing of a notice of appeal be waived in the interest of justice.

**ANALYSIS**

On appeal, the petitioner argues that the post-conviction court erred in summarily dismissing his petition without appointing counsel and conducting an evidentiary hearing. The State agrees with the petitioner's assertion. We review the post-conviction court's dismissal of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

Section 40-30-106 of the Post-Conviction Procedure Act provides in pertinent part:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition

was filed *pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(d)-(f) (2006). A petition presents a "colorable claim," sufficient to withstand summary dismissal, when the facts alleged, "'taken as true'" and "'in the light most favorable to [the] petitioner'" would entitle the petitioner to relief under the Post-Conviction Procedure Act. Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)). In determining whether a colorable claim has been presented, "*pro se* petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992) (quoting Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)).

In his petition and attached memorandum of law, the petitioner asserted that he was denied the effective assistance of counsel because, among other things, counsel "failed to fully explain the laws that governed his specific charges, and to help him understand the consequences of sentencing if he chose not to accept the State's offer"; failed to object to the State's late-filing of an intent to seek enhanced punishment; did not advise him of what evidence or witnesses were going to be used against him; did not advise him of the lesser-included offenses of the indicted charges; and "failed to interview or attempt to interview the victim or any other [S]tate witness to be called in chief." He asserted that the result of the proceeding would have been different had he been "effectively represented" by counsel. In the light most favorable to the petitioner, the allegations in his petition and memorandum of law state a colorable claim for post-conviction relief. Therefore, the post-conviction court erred in summarily dismissing the petition.

## CONCLUSION

Based upon the foregoing, we reverse the judgment of the post-conviction court and remand the case for the appointment of counsel and an evidentiary hearing.

_____
ALAN E. GLENN, JUDGE