IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 26, 2011

## CHARLES E. SHIFFLETT, SR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C57,206    R. Jerry Beck, Judge**

---

**No. E2010-01551-CCA-R3-PC - Filed July 14, 2011**

---

In October 2009, the Petitioner, Charles E. Shifflett, Sr., filed a petition for post-conviction relief challenging his convictions for first degree murder and robbery. The Petitioner alleged nine grounds of ineffective assistance of trial counsel and three grounds of prosecutorial misconduct at trial. The post-conviction court summarily dismissed the petition, finding that some of the issues had been raised on direct appeal, and that other allegations were conclusory and failed to sufficiently allege prejudice. Following our review of the record, we reverse the judgment of the Sullivan County Criminal Court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

DAVID H. WELLES SP. J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

C. Brad Sproules, Kingsport, Tennessee, for the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; H. Greeley Wells, District Attorney General, Blountville, Tennessee; and Barry Staubus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

On March 18, 2006, a jury convicted the Petitioner of first degree premeditated murder, first degree murder in the perpetration of a felony, and robbery. The two murder convictions were merged, and the trial court imposed a life sentence for the first degree murder conviction and a concurrent three-year sentence for the robbery conviction. See State v. Charles E. Shifflett, Sr., No. E2006-02162-CCA-R3-CD, 2008 WL 1813106 (Tenn. Crim. App., Nashville, Apr. 23, 2008). On appeal, this Court affirmed the convictions and sentences, and our supreme court denied the Petitioner's application for permission to appeal.

The Petitioner timely filed a petition for post-conviction relief, raising nine claims of ineffective assistance of trial counsel and three claims of prosecutorial misconduct. The Petitioner claimed that counsel failed to keep him informed about the status of his case, failed to properly investigate legal and factual issues surrounding the suppression of his statement, was unprepared at the suppression hearing, failed to request expert witnesses to counter the State's expert witnesses, failed to object to leading questions of a witness, failed to object when a State's witness was coached with prior testimony, failed to object to the introduction of the interview tape that had been partially destroyed, failed to object to selective prosecution by the State, and failed to object to improper bolstering by the State during its closing arguments. Specifically, as to the claims of counsel's preparedness at the suppression hearing and counsel's failure to request expert witnesses, the Petitioner claimed as follows:

> 3. Counsel was unprepared at the suppression hearing and upon inquiry by the Court as to what part or parts of the [Petitioner's] interview were objectionable, counsel was unprepared to cite the appropriate portions of the record. (Trial Transcripts, [hereinafter referred to as "TR"], pgs. 123-125 & 129-130). As a result of counsel's lack of preparation, counsel effectively waived the argument that my pre-trial statements should have been suppressed.

> 4. Counsel failed to move for an expert witness to assist him in the preparation of my case. As a result, counsel was not prepared to properly cross-examine, or impeach the testimony of, the State's expert witness in forensic pathology, TR, pgs. 369-376, or the State's Arson investigator. TR, pgs. 421-427. Both experts [sic] testimony went virtually unchallenged. The Arson investigator testified that the fire in the motorhome was intentionally set. TR., 427, [sic] He also testified about taking samples, TR., pg. 424, but never testified about the results. The Arson expert's damaging testimony went

virtually unchallenged. TR., pgs. 429-435. Had counsel enlisted the aid of an expert he would have been better prepared to cross-examine and impeach the testimony of the State's experts. Because counsel was unprepared to properly challenge the State's expert witnesses, I was denied my right to an adversarial proceeding in which the State's evidence was put to the test.

In a written order summarily dismissing the petition, the post-conviction court found that certain allegations had been raised on direct appeal and that other allegations were conclusory and failed to allege prejudice. However, due to a typographical error by the post-conviction court in which an incorrect inmate number was placed on the copy of the order sent to the Petitioner, the Petitioner did not receive the court's order of dismissal. When the Petitioner subsequently filed a motion to amend his post-conviction petition, the error was brought to the post-conviction court's attention. Finding that the Petitioner had been denied his right of appeal, the post-conviction court granted a delayed appeal on due process grounds and denied the motion to amend the petition for post-conviction relief.

**Analysis**

On appeal, the Petitioner argues that the summary dismissal of his petition was error and repeats his nine claims of ineffective assistance of counsel in addition to the prosecutorial misconduct claims. The State counters that the post-conviction court properly dismissed the petition because the Petitioner failed to "explain the legal analysis required and the legal basis for relief."

Review of a post-conviction court's summary dismissal of a petition for post-conviction relief presents a question of law this Court reviews de novo. See Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (citing Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002)); see also Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

Tennessee Code Annotated section 40-30-106(d) sets out certain requirements for petitions for post-conviction relief and permits a post-conviction court to dismiss inadequate petitions or allow pro se petitioners an opportunity to amend:

The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an

amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d).

The Rules of the Tennessee Supreme Court clarify that a post-conviction court's first obligation upon receipt of a petition is to review it in order to determine whether it states a colorable claim and, if so, to issue a preliminary order that, among other things, appoints counsel for indigent petitioners and sets a deadline for the filing of an amended petition. See Tenn. Sup. Ct. R. 28, § 6(B)(2)-(3). Accordingly, whether it is appropriate for a court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim. See id.; see also Arnold, 143 S.W.3d at 786-87.

Whether a petition states a colorable claim depends on the facts alleged. See Arnold, 143 S.W.3d at 786; Burnett, 92 S.W.3d at 406-07. "A colorable claim is one 'that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act.'" Arnold, 143 S.W.3d at 786 (quoting Tenn. Sup. Ct. R. 28, § 2(H)). As such, "if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." Burnett, 92 S.W.3d at 406 (citing Tenn. Code Ann. § 40-30-206(f) (1997)). In addition, in determining whether a colorable claim has been presented, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992) (quoting Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)).

We must construe the petition in the light most favorable to the Petitioner. See Arnold, 143 S.W.3d at 786-787. In our view, the post-conviction court erred by summarily dismissing the petition for post-conviction relief. The petition alleges several colorable claims that, if taken as true, in the light most favorable to the Petitioner, would entitle him to relief. For example, in the Petitioner's claim that counsel failed to request the assistance of expert witnesses, the Petitioner clearly stated facts in support of this claim and cited to those portions of the trial record that supported his allegation. He also alleged how such failure prejudiced him at trial, by hampering counsel's ability to cross-examine or impeach the State's experts and denying him his right to an adversarial proceeding, and again cited to the record in support of his allegation. This is a colorable claim, and the post-conviction court erred by summarily dismissing the petition without appointing counsel and allowing the Petitioner to amend his petition should he so desire with the assistance of counsel.

The post-conviction court also erred by finding that several allegations in the petition had been addressed on direct appeal. As to the allegations regarding counsel's lack of preparedness at the suppression hearing, counsel's failure to object to State's witness Marvin Zaccaria being allowed to review his prior testimony from the Petitioner's trial in Pennsylvania stemming from the same criminal escapade, and counsel's failure to object to the selective prosecution by the State of Tennessee, the post-conviction court determined that these issues had been raised on direct appeal. No issues of ineffective assistance of trial counsel were raised on direct appeal. See Shifflett, 2008 WL 1813106. Rather, the petitioner challenged the admission of his statement and dual prosecutions in both Tennessee and Pennsylvania on direct appeal. Id. The Petitioner did not challenge the admissibility of Marvin Zaccaria's testimony on direct appeal. Id. However, challenges to trial counsel's performance surrounding those issues were not addressed on direct appeal and are not now precluded from being raised in the petition for post-conviction relief. Tenn. Code Ann. § 40-30-106(h).[1]

**Conclusion**

Based on the foregoing authorities and reasoning, we reverse the post-conviction court's order of summary dismissal of the Petitioner's petition for post-conviction relief. We remand this case to the post-conviction court for further proceedings.

_____
DAVID H. WELLES, SPECIAL JUDGE

---

[1] The Petitioner also raises three claims of prosecutorial misconduct. Specifically, he claims that the prosecution improperly acted in concert with prosecutors in Pennsylvania and Virginia to assure a conviction, that the prosecution improperly bolstered its closing arguments, and that the prosecution improperly admitted damaged and incomplete physical evidence at trial. This Court has previously held that "issues [of prosecutorial misconduct] are more properly the subject of a direct appeal and are not properly issues for post-conviction relief." John C. Johnson v. State, No. M2004-02675-CC-R3-CO, 2006 WL 721300, at *19 (Tenn. Crim. App., Nashville, Mar. 22, 2006). In this case, the Petitioner had the opportunity to present the claims of prosecutorial misconduct on direct appeal. The Petitioner did not do so. Therefore, the Petitioner has waived any prosecutorial misconduct claims on post-conviction review. The Petitioner is not entitled to relief on these issues.