IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2013

## ADRIAN CURB v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Anderson County**
**No. B3C00073      Donald R. Elledge, Judge**

**No. E2013-00748-CCA-R3-PC - Filed August 30, 2013**

Petitioner, Adrian Curb, filed a petition for post-conviction relief, or in the alternative, a petition for writ of error coram nobis, challenging the conviction resulting from his 1997 guilty plea to aggravated assault. As grounds for relief, he claimed that his attempted first degree murder indictment was improperly amended to aggravated assault, thus coercing him into involuntarily pleading guilty to the amended charge. The post-conviction court summarily dismissed the petition because petitioner failed to establish an exception to the one-year statute of limitation for petitions for post-conviction relief. The court also concluded that petitioner failed to demonstrate the requisite factors for newly discovered evidence as required for writ of error coram nobis relief. Following our review, we discern no error and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Adrian Curb, Atlanta, Georgia, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; David S. Clark, District Attorney General; and Sandra N. C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I. Procedural History

Petitioner was indicted by an Anderson County grand jury on August 5, 1997, for attempted first degree murder. On October 20, 1997, the State moved to amend the indictment to aggravated assault with a deadly weapon. The trial court allowed amendment

of the indictment, and petitioner pleaded guilty to the amended charge. He received a six-year sentence in this case but an effective eight-year sentence based upon alignment with sentences from unrelated cases.

Petitioner filed his first and only petition for post-conviction relief, or alternatively, a petition for writ of error coram nobis,[1] on February 6, 2013. In it, he claimed that: (1) his conviction was predicated upon an involuntary guilty plea; (2) his conviction was obtained by the use of a coerced confession; (3) the resulting judgment of conviction in this case is void; (4) he received "newly discovered ineffective assistance of counsel"; and (5) he is actually innocent of the charge. He further stated that the preceding five issues "are predicated upon the impermissible amendment of the indictment." The post-conviction court summarily dismissed the petition, ruling that petitioner made no argument that his claims should be considered outside of the post-conviction procedure act's statute of limitations. It also determined that petitioner failed to establish entitlement to coram nobis relief because he failed to set forth any evidence that he was innocent or how any of the alleged newly discovered evidence would have changed the indictment or his guilty plea. Moreover, the trial court held that petitioner did not establish how his guilty plea was involuntary or unlawfully induced. Petitioner appeals the post-conviction court's order summarily dismissing his petition.

A. Petition for Post-Conviction Relief

As it applies to this case, Tennessee Code Annotated section 40-30-102(a) requires that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date . . . on which the judgment became final, or consideration of the petition shall be barred." Our legislature has emphasized the importance of a timely-filed petition, stating that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a) (2006).

A court cannot consider a petition filed after the expiration of the limitations period unless it falls within one of the following statutorily-defined exceptions:

---

[1] Petitioner mentions that he is also seeking alternative relief in the form of a writ of habeas corpus. However, it does not appear "'upon the face of the judgment . . . ' that [the] convicting court was without jurisdiction or authority to sentence [the] defendant . . . ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). Moreover, the record contains no indication that petitioner is being wrongfully imprisoned or that his liberty is being illegally restrained on this Tennessee conviction. *Id.* (citations omitted); *see Hickman v. State*, 153 S.W.3d 16, 22-24 (Tenn. 2004).

(1)     The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2)     The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3)     The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b) (2006). The post-conviction court must also consider an otherwise untimely petition if application of the statute of limitations would violate a petitioner's right to due process by denying him "a reasonable opportunity to raise a claim in a meaningful time and manner." *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000). "[T]he principles of due process are flexible and require balancing of a petitioner's liberty interests against the State's finality interests on a case by case basis." *Sample v. State*, 82 S.W.3d 267, 273-74 (Tenn. 2002).

When a petitioner collaterally attacks his conviction and/or sentence outside of the statute of limitations, the court must determine whether due process requires tolling. *State v. Harris*, 301 S.W.3d 141, 145 (Tenn. 2010). In doing so, the "court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." *Id*. (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). A court should utilize the following three-step analysis to balance the competing interests:

(1)     determine when the limitations period would normally have begun to run;

(2)     determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3)    if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.* (citing *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995)). "The 'later-arising claim' limitation in *Sands* reflects the concern that a petitioner who fails to assert an existing claim, that is, a claim that is not later-arising, in a timely fashion may not expect due process relief . . . ." *Seals v. State*, 23 S.W.3d 272, 278 (Tenn. 2000).

In summarily dismissing this petition, the post-conviction court correctly noted that petitioner failed to assert that any of the exceptions to the one-year statute of limitations applied to his claims. Further, upon our review, we conclude that petitioner's "reasonable opportunity" to seek post-conviction relief expired long before the filing of the petition. Because petitioner has failed to allege any fact that would implicate due process concerns, we conclude that the post-conviction court properly dismissed this petition in a summary fashion.

### B. Petition for Writ of Error Coram Nobis

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)). The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Our legislature has limited the relief available through the writ:

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2012). To demonstrate he is entitled to coram nobis relief, petitioner must clear several procedural hurdles.

First, the petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 1995) (citing *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995)). While petitioner alleged that the State withheld exculpatory evidence, *see Brady v. Maryland*, 373 U.S. 83 (1963), and that he received "newly discovered ineffective assistance of counsel," he did not state what this withheld or "newly discovered" evidence was, why the alleged evidence would have resulted in a different judgment, or why he was without fault in presenting the alleged evidence. The petition for writ of error coram nobis is facially invalid.

Indulging a liberal construction of this pro se petition, *see Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992), we nonetheless note that a petition for writ of error coram nobis must generally be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103 (2000). When a petition is filed outside of the statute of limitations, the coram nobis court must determine whether due process requires tolling. *Harris*, 301 S.W.3d at 145. In doing so, the court should utilize the three-step analysis enunciated in *Harris*, set forth above, in balancing "petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." *Id.* (citations omitted).

In this case, the statute of limitations expired nearly fifteen years ago. By petitioner's own admission, all of the issues presented were "predicated upon the impermissible amendment of the indictment." Thus, the grounds for relief asserted by petitioner clearly arose within the limitations period. On the facts of this case, we cannot conclude that a strict application of the statute of limitations would deprive petitioner of due process by denying him a reasonable opportunity to litigate these claims.

## CONCLUSION

Based upon our review of the record, the relevant legal authorities, and the briefs of the parties, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE