Michael E. GABLE, Plaintiff–Appellee,

v.

STATE of Tennessee, Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

Aug. 3, 1992.

Rehearing Denied Sept. 14, 1992.

Charles W. Burson, Atty. Gen. & Reporter and Rebecca L. Gundt, Asst. Atty. Gen., Nashville, for defendant-appellant.

James Harvey Stutts, Asst. Public Defender, Sweetwater, for plaintiff-appellee.

## OPINION

ANDERSON, Justice.

In this post-conviction appeal, the only issue for our review is whether the petitioner is entitled to an evidentiary hearing on his post-conviction petition. The petitioner alleged that he received ineffective assistance of counsel when he pled guilty to second-degree burglary in 1989, but he did not allege that he was prejudiced in any way by the alleged constitutional violation. The trial court dismissed the petition without an evidentiary hearing. The Court of Criminal Appeals, however, reversed. We conclude that because the petitioner failed to allege that he was prejudiced by the alleged ineffective assistance of counsel, he is not entitled to an evidentiary hearing. Accordingly, we reverse the Court of Criminal Appeals, and affirm the trial court's dismissal of the petition.

In December of 1989, the petitioner, Michael E. Gable, filed with the trial court a *pro se* petition for post-conviction relief alleging that he received ineffective assist-

ance of counsel during and after his plea of guilty in June of 1988 to a charge of second-degree burglary. The petition did not, however, allege that Gable was prejudiced by the alleged constitutional violation, or that he would not have pled guilty if he had received effective assistance of counsel. On January 16, 1990, the trial court appointed the District Public Defender to represent Gable, but no amendment to the *pro se* petition was ever prepared or filed.

On March 30, 1990, the trial court dismissed the petition without a hearing, finding, based on the record, that Gable's plea had been entered in return for the State agreeing to dismiss charges for grand larceny, receiving and concealing, and an habitual criminal charge. In addition, the trial court found that the petitioner's plea had been entered following a comprehensive and exhaustive explanation of his rights. As a result, the trial court ruled that Gable's guilty plea had been entered "freely, voluntarily, and knowingly," and that he had not been denied the effective assistance of counsel.

The Court of Criminal Appeals reversed and remanded, holding that Gable was entitled to an evidentiary hearing. The Court of Criminal Appeals relied on our previous holding in *Swanson v. State*, 749 S.W.2d 731 (Tenn.1988).

Under the Post–Conviction Procedure Act, grounds for relief are limited to situations where "the conviction is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States." Tenn.Code Ann. § 40–30–105 (1990). *See also Sloan v. State*, 477 S.W.2d 219 (Tenn.Crim.App.1971).

In the past, as correctly noted by the Court of Criminal Appeals, we have held that petitions presenting a colorable claim for relief under the Act should not be dismissed on technical grounds, but should be considered on their merits. *Swanson v. State*, 749 S.W.2d at 734. In reaching our holding in *Swanson*, we noted that *pro se* petitions are to be "held to less stringent standards than formal pleadings drafted by

**560**

lawyers." *Id.* (quoting *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn.1975)).

However, since *Swanson*, we have held that a *pro se* petition was properly dismissed for failure to allege that the constitutional violation committed at trial had any affect on the petitioner's case, because such a showing is a prerequisite to relief in a post-conviction case. *Lowe v. State*, 805 S.W.2d 368, 372 (Tenn.1991) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We held that the petition was properly dismissed despite the fact that *pro se* petitions are held to a less stringent standard because "even a *pro se* petition should assert a basic theory of relief." *Id.*

The State contends that the case at bar is controlled by our holding in *Lowe*, because Gable failed to allege that the ineffective assistance of counsel had any effect on his decision to plead guilty. The petitioner, on the other hand, contends that his case is controlled by our holding in *Swanson* because his petition presented a colorable claim for relief.

We observe that this case differs from *Swanson* in one crucial respect. In *Swanson*, we reversed the trial court's dismissal of the *pro se* petition because the trial court failed to provide the petitioner with the aid of counsel and a reasonable opportunity to amend the petition as required by Tenn.Code Ann. §§ 40–30–107 and 40–30–115. *Swanson*, 749 S.W.2d at 736. In this case, however, the petitioner was given both the aid of counsel and a reasonable opportunity to amend his petition after counsel had been appointed to represent him, and no amendment to the petition was ever prepared or filed.

Accordingly, since the petition did not allege that the ineffective assistance of counsel had any effect on Gable's decision to plead guilty, and since "[s]uch a showing is a prerequisite to relief in a post-conviction action," *Lowe*, 805 S.W.2d at 372, we reverse the Court of Criminal Appeals and affirm the trial court's dismissal of the petition, but on the separate grounds recited. The costs of this appeal are taxed to the State, and this case is remanded to the trial court for proceedings consistent with this Opinion.

REID, C.J., and DROWOTA, O'BRIEN, and DAUGHTREY, JJ., concur.

## ORDER ON PETITION TO REHEAR

The defendant-appellant, State of Tennessee, has filed a petition to rehear, which the Court has considered and concludes should be DENIED. The Court has also concluded, however, that the Opinion previously released in this cause should be modified to tax the costs to the plaintiff-appellee, Michael Gable, instead of the State.

It is so ORDERED.