IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

## JIMMIE LEE HOYLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**Nos. 06-01-0173, 06-01-0250      J. Weber McCraw, Judge**

_____

**No. W2007-00105-CCA-R3-PC  - Filed September 7, 2007**

_____

The Petitioner, Jimmie Lee Hoyle, appeals the summary dismissal of his petition for post-conviction relief, arguing that it was error for the post-conviction court to deny relief without holding an evidentiary hearing, allowing him to amend his petition, or appointing counsel.  Following our review, we conclude that the Petitioner stated a colorable claim in his petition.  Accordingly, we reverse the post-conviction court's order of dismissal and remand for further proceedings.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Remanded

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Jimmie Lee Hoyle, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Michael Dunavant, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

There is no judgment of conviction or transcript of the Petitioner's guilty plea submission hearing included in the record before this Court.  Accordingly, we may only rely on statements made in the petition submitted to the post-conviction court and the parties' appellate briefs to set out the factual and procedural background for this appeal.

According to the briefs, on August 10, 2006, the Petitioner pled guilty to one or more counts of delivery of cocaine and was sentenced to serve twenty years in the Department of Correction with a release eligibility of 35%.  He filed a timely petition for post-conviction relief.

In his petition, he argued that he was entitled to relief on three gounds: (1) his conviction was based on an unlawfully induced guilty plea "that was involuntarily, unknowingly, and unintelligently entered without understanding the nature or consequences of the plea"; (2) the trial court failed to explain "the ramifications of Petitioner's plea agreement;" and (3) he was denied the effective assistance of counsel.

In support of the first ground for relief, the Petitioner alleged that his plea was involuntary due to various omissions made by his trial counsel:

> The [P]etitioner's guilty plea was not given knowingly. [Trial counsel] failed to thoroughly examine the evidence against the [P]etitioner to properly determine the strength of the State's case against the [P]etitioner so that [P]etitioner could make an intelligent and knowing decision.
> [Trial counsel] knew or should have known that the State's case against the [P]etitioner was weak. [Trial counsel] had a duty to inform the [P]etitioner that it was his opinion that the State did not have the necessary evidence (s) [sic] and witnesses statements [sic] to convict the [P]etitioner of the crime charge [sic]. However, [trial counsel] encouraged the [P]etitioner to plea [sic] guilty.
> The [P]etitioner was ignorant to the extent of the evidence against him, due to the prosecutor withheld witnesses statements [sic] and [P]etitioner plead guilty upon the advice of his attorney.
> The [P]etitioner was forced and coerced by his attorney . . . into taking the plea agreement in this case. This violates State and Federal [l]aws, not to mention Rule 11 of the Tennessee Rules of Criminal Procedure . . . .

Also in support of this argument, the Petitioner asserted that the trial court did not make sufficient inquiries regarding the voluntariness of his plea.

In support of the second ground for relief put forth in the original petition, the Petitioner contended that the trial court violated his Due Process rights and Rule 11 of the Tennessee Rules of Criminal Procedure because it "never made a determination as to whether the [P]etitioner's guilty plea was made voluntarily, knowingly, or intelligently." (emphasis omitted). He further averred that the trial court failed to explain to him that he had a number of important rights, including the right to plead not guilty.

Regarding the third ground for relief asserted below, the Petitioner reiterated that trial counsel inadequately investigated the State's case. He also claimed that trial counsel told him "that he would probably be convicted if the case went to trial and would receive a much longer sentence." Lastly, the Petitioner avowed that he "suffered from a mental or physical condition that significantly reduced [his] culpability for the offense and can not [sic] read or write to understand his plea," and that he was prejudiced by trial counsel's "unprofessional errors."

Based on his petition, the Petitioner requested several remedies, including that the post-conviction court conduct an evidentiary hearing and appoint post-conviction counsel. He also asked that the court "[g]rant an 8-year sentence at 30% or any other relief deemed appropriate . . . ."

Without conducting a hearing or appointing counsel, the post-conviction court entered an order dismissing the petition:

> It appears that the [p]etition for [p]ost-[c]onviction [r]elief does not contain sufficient clear and specific statements including a full disclosure of facts to establish a factual basis for the grounds alleged and for which relief is sought, and therefore, the petition is not well taken.

This appeal followed.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred by dismissing his pro se petition without allowing him to amend it, holding an evidentiary hearing, or appointing counsel. He contends that these actions should have been taken because he "is not knowledgeable of the law and basically has no education. The [Petitioner] cannot read or write and can only go with the accepted assistance provided by legal aides within the institutions." Further, he asserts that, because ineffective assistance of counsel was presented in his petition for post-conviction relief, "at the bare minimum," he should have been permitted "to amend the petition to establish a factual basis for the claim."

Review of a post-conviction court's summary dismissal of a petition for post-conviction relief presents a question of law this Court reviews de novo. See Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (citing Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002)); see also Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

Tennessee Code Annotated section 40-30-106(d) sets out certain requirements for petitions for post-conviction relief and permits a post-conviction court to dismiss inadequate petitions or allow pro se petitioners an opportunity to amend:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d). The Rules of the Tennessee Supreme Court clarify that a post-conviction court's first obligation upon receipt of a petition is to review it in order to determine whether it states a colorable claim and, if so, to issue a preliminary order that, among other things, appoints counsel for indigent petitioners and sets a deadline for the filing of an amended petition:

> (2) Within thirty (30) days after a petition or amended petition is filed, the judge to whom the case is assigned shall review the petition and all documents related to the judgment and determine whether the petition states a colorable claim.
>
> (3) In the event a colorable claim is stated, the judge shall enter a preliminary order which:
>> (a) appoints counsel, if petitioner is indigent;
>>
>> (b) sets a deadline for the filing of an amended petition;
>>
>> (c) directs disclosure by the state of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution;
>>
>> (d) orders the state to respond and, if appropriate, to file with the clerk certain transcripts, exhibits, or records from the prior trial or hearing; and
>>
>> (e) makes other orders as are necessary to the efficient management of the case.

Tenn. Sup. Ct. R. 28, § 6(B)(2)-(3). Accordingly, whether it is appropriate for a trial court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim. See id.; see also Arnold, 143 S.W.3d at 786–87.

Whether a petition states a colorable claim depends on the facts alleged. See Arnold, 143 S.W.3d at 786; Burnett, 92 S.W.3d 403, 406–07. Our supreme court has stated that "[a] colorable claim is one 'that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act.'" Arnold, 143 S.W.3d at 786 (quoting Tenn. Sup. Ct. R. 28, § 2(H)). As such, "if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." Burnett, 92 S.W.3d at 406 (citing Tenn. Code Ann. § 40-30-206(f) (1997)). In addition, in determining whether a colorable claim has been presented, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" Gable v. State, 836 S.W.2d 558, 559–60 (Tenn. 1992) (quoting Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)).

-4-

In his petition, the Petitioner asserted that his guilty plea was involuntarily entered because trial counsel failed to adequately investigate the State's case against him. Most specifically, he asserted that trial counsel should have informed him that the State lacked the evidence necessary to secure a conviction. He also stated that trial counsel coerced him into pleading guilty by informing him that he would receive a longer sentence if he proceeded to trial, and that, "but for [counsel's] errors, and resulting prejudice, petitioner would not have pled guilty, but would have insisted on a trial by jury."

Granting the pro se Petitioner due leeway, accepting all his allegations as true, and viewing them in a light most favorable to him, we conclude that he stated a colorable claim of ineffective assistance of counsel. See Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998) (stating that, in order to set out a claim of ineffective assistance of counsel in the context of a guilty plea, the petitioner must demonstrate that, "but for counsel's errors, he would have not have pleaded guilty but would have insisted upon going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (other citation omitted).

## CONCLUSION

Having found that the Petitioner presented a colorable claim, we reverse the post-conviction court's order summarily dismissing his petition and remand for the appointment of counsel and further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE