# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 7, 2011

## TRACY THOMAS HEPBURN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Wilson County**
No. 02-0844, 02-0875, 02-0876, 02-0888, 02-0291    John D. Wootten, Jr., Judge

———————————————————

**No. M2011-01214-CCA-R3-PC - Filed February 2, 2012**

———————————————————

The Petitioner, Tracy Thomas Hepburn, was convicted of twenty-four counts of burglary, three counts of attempted burglary, fourteen counts of misdemeanor vandalism, eight counts of felony vandalism, ten counts of misdemeanor theft, and three counts of felony theft. The trial court sentenced him to an effective sentence of 100 years in the Tennessee Department of Correction ("TDOC"). This Court affirmed the Petitioner's convictions and sentence, and the Tennessee Supreme Court denied permission to appeal on January 13, 2011. *State v. Tracy Thomas Hepburn*, No. M2008-01979-CCA-R3-CD, 2010 WL 2889101 (Tenn. Crim. App., at Nashville, July 23, 2010) *perm. app. denied* (Tenn. January 13, 2011). The Petitioner filed a petition for post-conviction relief in which he alleged that: (1) his convictions were based on a coerced confession; (2) his convictions were based on a violation of the privilege against self-incrimination; and that (3) he received the ineffective assistance of counsel. The post-conviction court summarily dismissed the petition, finding that the Petitioner failed to state a colorable claim. The Petitioner appealed, and, on appeal, both parties agree that the post-conviction court erred and that the case should be reversed and remanded. After a thorough review of the record and applicable authorities, we agree with the parties that the petition for post-conviction relief raises a colorable claim. We, therefore, reverse and remand to the post-conviction court for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Tracy Thomas Hepburn, Whiteville, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; Howard Lee Chambers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from a string of burglaries committed by the Petitioner. At the Petitioner's trial, the State presented the testimony of twenty-one business owners or employees who testified about the burglaries, thefts, and acts of vandalism committed in their respective establishments between June 19, 2002, and July 23, 2002. The evidence presented at trial also included the Petitioner's signed confession to police. The jury convicted the Petitioner of twenty-four counts of burglary, three counts of attempted burglary, fourteen counts of misdemeanor theft, and three counts of felony theft. The trial court sentenced the Defendant as a Range III, persistent offender, to ten years for each Class D felony conviction, five years for each Class E felony conviction, and eleven months, twenty-nine days for each Class A misdemeanor conviction. The trial court imposed a combination of concurrent and consecutive sentencing for an effective sentence of one hundred years.

Within the statute of limitations, the Petitioner filed a petition for post-conviction relief in which he alleged that: (1) his convictions were based on his coerced confession; (2) the convictions were based on a violation of the privilege against self-incrimination; and (3) he received the ineffective assistance of counsel.

The post-conviction court summarily dismissed the Petitioner's petition, finding that the allegations were conclusory, the petition asserted previously determined issues, and the petition failed to assert a colorable claim. The Petitioner appealed, and, on appeal, both parties agree that the case should be reversed and remanded.

**II. Analysis**

Review of a post-conviction court's summary dismissal of a petition for post-conviction relief presents a question of law this Court reviews *de novo*. *See Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)); *see also Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

Tennessee Code Annotated section 40-30-106(d) sets out certain requirements for petitions for post-conviction relief and permits a post-conviction court to dismiss inadequate petitions or allow *pro se* petitioners an opportunity to amend:

The petition must contain a clear and specific statement of all grounds upon

which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

T.C.A. § 40-30-106(d) (2006). The Rules of the Tennessee Supreme Court clarify that a post-conviction court's first obligation upon receipt of a petition is to review it in order to determine whether it states a colorable claim and, if so, to issue a preliminary order that, among other things, appoints counsel for indigent petitioners and sets a deadline for the filing of an amended petition:

> (2) Within thirty (30) days after a petition or amended petition is filed, the judge to whom the case is assigned shall review the petition and all documents related to the judgment and determine whether the petition states a colorable claim.
>
> (3) In the event a colorable claim is stated, the judge shall enter a preliminary order which:
>
> > (a) appoints counsel, if petitioner is indigent;
> > (b) sets a deadline for the filing of an amended petition;
> > (c) directs disclosure by the state of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution;
> > (d) orders the state to respond and, if appropriate, to file with the clerk certain transcripts, exhibits, or records from the prior trial or hearing; and
> > (e) makes other orders as are necessary to the efficient management of the case.

Tenn. Sup. Ct. R. 28, § 6(B)(2)-(3). Accordingly, whether it is appropriate for a trial court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim. *See id.*; *see also Arnold*, 143 S.W.3d at 786-87.

3

Whether a petition states a colorable claim depends on the facts alleged. *See Arnold*, 143 S.W.3d at 786; *Burnett*, 92 S.W.3d at 406-07. Our Supreme Court has stated that "[a] colorable claim is one 'that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act.'" *Arnold*, 143 S.W.3d at 786 (quoting Tenn. Sup. Ct. R. 28, § 2(H)). As such, "if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Burnett*, 92 S.W.3d at 406 (citing T.C.A. § 40-30-206(f) (2006)). In addition, in determining whether a colorable claim has been presented, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992) (quoting *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988)).

In his petition, the Petitioner asserted that he was entitled to post-conviction relief because: (1) his convictions were based on a coerced confession; (2) his convictions were based on a violation of the privilege against self-incrimination; and (3) he received the ineffective assistance of counsel.

In a "Memorandum of Law in Support of Petition for Post-Conviction Relief," filed with the petition, the Petitioner claimed that Counsel was ineffective for failing to: (1) argue that the Petitioner was never brought before the magistrate; (2) adequately investigate his case; and (3) communicate with the Petitioner. Whereas the petition does not state an adequate factual basis for relief on the basis of ineffective assistance of counsel, the attendant memorandum alleges sufficient facts to warrant a remand to the post-conviction court on the ground of ineffective assistance of counsel. Granting the *pro se* Petitioner due leeway, accepting all his allegations as true, and viewing them in a light most favorable to him, we conclude that he stated a colorable claim of ineffective assistance of counsel. As to the Petitioner's other grounds for relief, the voluntariness of his plea and a violation of his right against self-discrimination, those issues were previously determined on direct appeal and thus not grounds for post-conviction relief. *See Tracy Thomas Hepburn*, 2010 WL 2889101, at *8.

### III. Conclusion

Having found that the Petitioner presented a colorable claim, we reverse the post-conviction court's order summarily dismissing his petition and remand for the appointment of counsel and further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE

4