IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 23, 2014

## JUSTIN MICHAEL NUNNERY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 1171E150     David Earl Durham, Judge**

_____

**No. M2013-01841-CCA-R3-PC - Filed August 29, 2014**

_____

Petitioner, Justin Michael Nunnery, appeals the dismissal of his *pro se* petition for post-conviction relief. The trial court summarily dismissed the petition on the basis that it failed to state a colorable claim. On appeal, Petitioner argues that the trial court erred in dismissing his petition without holding an evidentiary hearing. The State concedes that the trial court erred in summarily dismissing the petition because if Petitioner's claims are true, they would entitle him to post-conviction relief. Following a review of the record, we agree and accordingly reverse the order of dismissal and remand this case to the post-conviction court for an evidentiary hearing pursuant to all provisions of Tenn. Code Ann. § 40-30-107 and Tenn. Sup. Ct. R. 28, § 6(B)(2)-(3). Furthermore, the trial judge is recused from further proceedings in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Tillman W. Payne, Carthage, Tennessee, for the appellant, Justin Michael Nunnery.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Tom P. Thompson, District Attorney General; and Javin Cripps, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

Petitioner was indicted by the Trousdale County Grand Jury for two counts of rape of a child. On June 18, 2012, he pleaded guilty to two counts of aggravated sexual battery of a child less than thirteen years of age and was sentenced to consecutive ten-year sentences to be served at one-hundred percent.

The record reflects that on June 18, 2013, Petitioner filed a petition for post-conviction relief alleging that he received the ineffective assistance of counsel prior to and during the plea submission hearing and that his plea was involuntarily entered due to coercion and a lack of understanding of the nature and consequences of the plea. Petitioner also filed an untitled document with the petition that included case law and outlined how he would prove his claims. More specifically, Petitioner claimed that trial counsel failed to explain the terms of the plea agreement to him, that trial counsel failed to explain his sentences would run consecutively, that his confession was coerced, and that his counsel never attempted to suppress the statement. He further alleged that trial counsel did not provide him with copies of the State's evidence in the case.

The trial court entered a preliminary order on July 24, 2013, summarily dismissing the petition for failure to assert a colorable claim. In the order, the trial court made the following findings:

> As grounds for relief, Petitioner asserts that his plea was involuntarily entered via coercion and without understanding the nature and consequences of the plea. (Petition, page 6, paragraph 12). This assertion is without merit. The transcript of the plea is attached as Exhibit A. Page 12, lines 6 through 8 of the transcript, specifically address coercion. The Petitioner responded under oath. The remainder of the plea specifically addresses the Petitioner's understanding, and the nature and consequences of the plea. Again, he responded under oath.
>
> Petitioner next asserts the conviction was based on use of a coerced confession. Exhibit A, page 8, lines 11-19 specifically reminds Petitioner of the suppression hearing that was held on May 23, 2012, regarding the confession. And the conclusion of that hearing, this Court ruled the confession was lawfully obtained. The Petitioner has waived the appeal of this issue. This issue is without merit.

According to the Rules of the Tennessee Supreme Court a post-conviction court's first obligation upon receipt of a petition is to review it and determine whether it states a colorable claim and, if so, to issue a preliminary order that, among other things, appoints counsel for indigent petitioners and sets a deadline for the filing of an amended petition. *See* Tenn. Sup. Ct. R. 28, § 6(B)(2)-(3). Accordingly, whether it is appropriate for a court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim. *See Id.*; *see also Arnold v. State*, 143 S.W.3d 784, 786-87 (Tenn. 2004).

Whether a petition states a colorable claim depends on the facts alleged. *See Arnold*, 143 S.W.3d at 786; *Burnett v. State*, 92 S.W.3d 403, 406-07 (Tenn. 2002). "A colorable claim is one 'that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act.'" *Arnold*, 143 S.W.3d at 786 (quoting Tenn. Sup. Ct. R. 28, § 2(H)). As such, "if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Burnett*, 92 S.W.3d at 406 (citing Tenn. Code Ann. § 40-30-206(f) (1997)). In addition, in determining whether a colorable claim has been presented, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992) (quoting *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988)).

We must construe the petition in the light most favorable to the Petitioner. *See Arnold*, 143 S.W.3d at 786-787. In our view, the post-conviction court erred by summarily dismissing the petition for post-conviction relief. The petition alleges several colorable claims that, if taken as true, in the light most favorable to the Petitioner, would entitle him to relief. As previously stated Petitioner alleged in his petition that he received ineffective assistance of counsel and that his plea was involuntary because (1) trial counsel did not inform him that his sentences would run consecutively; (2) trial counsel failed to object or to suppress his confession, which he claimed was coerced; and (3) trial counsel did not furnish him with the State's evidence against him or explain the evidence to him. These are colorable claims, and the post-conviction court erred by summarily dismissing the petition without appointing counsel and allowing the Petitioner to amend his petition should he so desire with the assistance of counsel.

We note it appears that the post-conviction court accepted Petitioner's guilty plea, and in that proceeding determined the plea was freely, voluntarily, knowingly, and intelligently entered. While this determination at the time of the guilty plea is required in order to accept the plea, *see* Tenn. R. Crim. P. 11(b); *see also Lane v. State*, 316 S.W.3d 555 (Tenn. 2010), that alone has never been grounds to conclusively determine that a post-conviction petition must be summarily dismissed. We are also compelled to note that the trial judge in this case

went far beyond holding that the petition for post-conviction relief failed to state a colorable claim. Without affording an evidentiary hearing, the trial court still made a determination of facts and made a ruling on the merits of the issues raised in the petition.

We quoted above the trial court's entire "findings of fact and conclusions of law." The trial court made factual findings on the petition's allegations based upon purported credibility determinations of the transcript of the guilty plea hearing and the trial court's ruling on a suppression motion, as opposed to the allegations alleged in the petition for post-conviction relief. The statutory procedure for determining whether a petition for post-conviction relief fails to state a colorable claim was set by our General Assembly in Tennessee Code Annotated section 40-30-106(f): the facts alleged in the petition **must** "be taken as true" with no regard to other evidence which the State may later present in an evidentiary hearing to challenge Petitioner's right to relief. In effect, the trial court made a decision in this case on the merits without affording Petitioner the statutory right to present his case under oath, with witnesses, with counsel, and in open court. It could appear to a neutral observer that the trial judge has already made up his mind in Petitioner's case.

Pursuant to the Tennessee Code of Judicial Conduct, Rule 10 of the Rules of the Supreme Court of Tennessee, Canon 2, Rule 2.11, we conclude that the trial judge's impartiality might reasonably be questioned upon reversal and remand of this case. *Id.* Comment [1]. Accordingly, we order the trial judge who summarily dismissed this case recused from further proceedings in this matter. Upon remand, another trial judge shall be assigned to preside over these proceedings in accordance with the procedure for designation of a substitute judge that is set forth in Rule 10B, §1.04 of the Rules of the Supreme Court of Tennessee.

In the light most favorable to Petitioner, the allegations in his petition state colorable claims for post-conviction relief. Therefore, the post-conviction court erred in summarily dismissing the petition.

## CONCLUSION

For the foregoing reasons, we reverse the order of the post-conviction court in dismissing Petitioner's petition for post-conviction relief and remand this case for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE

-4-