IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2015 at Knoxville

## CHRISTOPHER MICHAEL HOOTEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**Nos. 19679 & 19949        Robert L. Jones, Judge**

_____

**No. M2015-00618-CCA-R3-PC – Filed October 22, 2015**

_____

The pro se Petitioner, Christopher Michael Hooten, appeals as of right from the Maury County Circuit Court's summary dismissal of his petition for post-conviction relief. On appeal, the Petitioner contends that his petition presented a colorable claim of ineffective assistance of counsel and, therefore, that the post-conviction court erred by summarily dismissing the petition. The State concedes that the Petitioner presented a colorable claim for relief. Following our review, we agree with the parties and remand for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;
& Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ALAN E. GLENN, JJ., joined.

Christopher Michael Hooten, Pro Se, Mountain City, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; and Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial, the Petitioner was convicted of first degree felony murder, first degree premeditated murder, tampering with evidence, and aggravated robbery. The judgments of conviction were entered on February 2, 2012. The Petitioner appealed his convictions, and this court denied relief. See State v. Christopher Michael Hooten, No. M2012-00979-CCA-R3-CD, 2013 WL 5436712 (Tenn. Crim. App. Sept. 27, 2013), perm. app. denied (Tenn. Feb. 24, 2014).

The Petitioner timely filed a petition for post-conviction relief wherein he asserted that he received ineffective assistance of counsel. As grounds for his claim, the Petitioner alleged that trial counsel was deficient for failing to object to the State's improper bolstering of a witness, Burnace McDonald. In particular, the petition asserted that, at the Petitioner's trial, the State called the assistant district attorney general who had prosecuted and eventually negotiated a plea deal with Mr. McDonald to vouch for Mr. McDonald's credibility. The Petitioner argued that Mr. McDonald was a "jail house snitch" who was the State's "only critical witness" and that the failure to object to the assistant district attorney general's testimony prejudiced his trial.

On March 13, 2015, the post-conviction court summarily dismissed the petition after finding that the Petitioner had failed to present a colorable claim for relief. In its order, the post-conviction court assessed the merits of the Petitioner's ineffective assistance claim and concluded that "[t]here was nothing ineffective about trial counsel's performance." It is from this order that the Petitioner now timely appeals.

ANALYSIS

On appeal, the Petitioner contends that his petition alleged a colorable claim of ineffective assistance of counsel and that the post-conviction court erred by summarily dismissing his petition. The State concedes the post-conviction court's error.

The decision of a post-conviction court to summarily dismiss a petition for post-conviction relief for failure to state a colorable claim is reviewed as a matter of law. See Burnett v. State, 92 S.W.3d 403, 306 (Tenn. 2002). Therefore, our review of the post-conviction court's dismissal is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

Tennessee Code Annotated section 40-30-106(d) states that a petition for post-conviction relief must specify grounds for relief and set forth facts to establish a colorable claim. "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R 28, § 2(H). When the facts of a petition, taken as true, would not entitle a petitioner to relief, then the post-conviction court may dismiss the petitioner without the appointment of counsel or an evidentiary hearing. Tenn. Code Ann. § 40-30-106(f). Furthermore, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992) (quoting Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975)).

In his petition, the Petitioner asserted that trial counsel was ineffective for failing to object to the State's improper bolstering of a witness and concluded that this failure ultimately affected the outcome of his trial. In the light most favorable to the Petitioner,

this claim, if taken as true, would entitle the Petitioner to relief. We note that the post-conviction court found that no colorable claim was presented only after improperly assessing the merits of the ineffective assistance of counsel allegation. However, a court's opinion regarding "[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing." <u>William Alexander Cocke Stuart v. State</u>, M2003-01387-CCA-R3-PC, 2004 WL 948390, at \*3 (Tenn. Crim. App. May 4, 2004). Accordingly, the Petitioner is entitled to the appointment of counsel and an evidentiary hearing on the merits of his petition.

<u>CONCLUSION</u>

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE