IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Knoxville September 15, 2015

**TROY LYNN FOX v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Wilson County**
**No. 09-CR-523     John D. Wootten, Jr., Judge**

_____

**No. M2015-00249-CCA-R3-PC – Filed December 10, 2015**

_____

The Petitioner, Troy Lynn Fox, appeals the Wilson County Criminal Court's summary dismissal of his petition for post-conviction relief from his conviction of first degree premeditated murder and resulting sentence of life in the Department of Correction. On appeal, he contends that his petition states a colorable claim for relief under the Post-Conviction Procedure Act, thus entitling him to counsel and to an evidentiary hearing. The State concedes that the trial court erred. Based upon the record and the parties' briefs, we agree with the Petitioner and the State, reverse the trial court's order dismissing the petition, and remand this case to the trial court for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN, and D. KELLY THOMAS, JR., JJ., joined.

Troy Lynn Fox, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and Brian Fuller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In September 2011, a Wilson County Criminal Court Jury convicted the Petitioner of first degree premeditated murder for beating and strangling his wife to death. State v.

Troy Lynn Fox, No. M2013-00579-CCA-R3CD, 2014 WL 820573, at *1, 4 (Tenn. Crim. App. at Nashville, Feb. 28, 2014). On direct appeal of his conviction, the Petitioner raised the following issues:

> (1) whether the evidence was sufficient to sustain his conviction; (2) whether the trial court erred by admitting certain photographs into evidence-one, a photograph of the murder victim that was taken while she was alive and, two, multiple photographs of the crime scene and of the victim's injuries, taken both at the scene and during the autopsy; (3) whether the trial court erred by failing to conduct a jury-out hearing prior to the admission of several photographs of the victim taken at the crime scene and by describing those photographs as "gross" in front of the jury; (4) whether the trial court erred by requiring the Defendant to cross-examine the victim's mother during the State's case-in-chief rather than allowing the Defendant to recall her as a defense witness; (5) whether the trial court erred by prohibiting the Defendant from further development of the couple's social, family, and marital history; (6) whether the trial court committed reversible error in its instruction to the jury on the impeachment of a witness; and (7) whether the trial court demonstrated judicial bias against the Defendant.

Id. at *1. This court affirmed the Petitioner's conviction.

The Petitioner did not file an application for permission to appeal to our supreme court but filed a timely pro se petition for post-conviction relief. In the petition, he alleged that he received the ineffective assistance of trial counsel in that counsel failed to file proper pretrial motions, such as a motion to suppress or motion for change of venue; failed to object to the State's multiple requests for a continuance, which resulted in his trial being rescheduled three times; failed to give all discovery materials to the Petitioner or discuss a defense strategy with him; failed to interview and call witnesses at trial such as the couple's marriage and fertility counselors and the Petitioner's stepmother; failed to investigate all possible defenses; failed to prepare for trial adequately and meet with the Petitioner; instructed the Petitioner to familiarize himself with "the Hearsay chapter from Tennessee Rules of Evidence" because the Petitioner "had more time on [his] hands than" counsel; failed to cross-examine the medical examiner about multiple inaccuracies in the victim's autopsy report; failed to object to inadmissible evidence, such as a "life photo" of the victim, and an incorrect jury instruction; forced the Petitioner to sign a document relieving counsel of liability if the Petitioner testified; failed to recall two State

witness for the defense; and failed to request a mistrial during the State's cross-examination of the Petitioner and closing arguments.

In a written order, the post-conviction court stated that it had "reviewed portions of the record including the opinion of the Court of Criminal Appeals where in the conviction was affirmed in all respects." The court noted that the Petitioner "has outlined seven pages of 'facts detailing the denial of effective assistance of counsel'" but found that his assertions had been previously determined or were not "factually sufficient to support a determination of ineffective assistance of counsel." The court concluded that the petition failed to state a colorable claim and dismissed it without the appointment of counsel or an evidentiary hearing.

## II. Analysis

The Petitioner contends, and the State concedes, that the post-conviction court erred by summarily dismissing the petition for post-conviction relief. We agree.

The Post-Conviction Procedure Act provides that a petition for relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Tenn. Code Ann. § 40-30-106(d). The post-conviction court shall dismiss a petition if it fails to state a colorable claim. See Tenn. Code Ann. § 40-30-106(f). A colorable claim is defined as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). A post-conviction court's decision to summarily dismiss a petition for post-conviction relief is reviewed de novo as a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

Initially, we note that pro se petitions often are inartfully drafted and that pro se petitioners are not held to the same stringent drafting standards as attorneys. See Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992) (citing Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)). With that in mind, we believe the petition makes allegations that, if taken as true, would establish a claim for relief based upon the ineffective assistance of counsel. For example, the petition alleges that trial counsel failed to prepare the Petitioner for his trial testimony; failed to file a motion to suppress his interview with Wilson County detectives; and failed to interview and call witnesses that would have testified regarding the victim's abuse of the Petitioner and their oldest child. Moreover, most of the issues underlying the Petitioner's ineffective assistance of counsel claim were never raised on direct appeal. Therefore, we conclude that the petition states a colorable

claim for relief that entitles the Petitioner to the appointment of counsel, the amendment of the petition, and an evidentiary hearing.

### **III.  Conclusion**

Based upon the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand this case for further proceedings consistent with this opinion.

                                         _____

NORMA MCGEE OGLE, JUDGE