FILED
10/31/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2018

**CALVIN KINZER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Maury County**
**No. 24971    Stella L. Hargrove, Judge**

_____

**No. M2018-00159-CCA-R3-PC**

_____

The Petitioner appeals the post-conviction court's summary dismissal of his petition for post-conviction relief based on the post-conviction court's finding that the Petitioner failed to state a colorable claim.  On appeal, the Petitioner argues that the post-conviction court erred in dismissing his pro se petition without appointing counsel or holding an evidentiary hearing, and the State concedes that the post-conviction court erred.  After a review of the record and applicable law, we reverse the judgment of the post-conviction court and remand for the appointment of counsel and for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Calvin Kinzer, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The Petitioner pleaded guilty to possession of over 0.5 grams of cocaine with intent to sell and to a reduced charge of being a felon in possession of a handgun.  The trial court sentenced the Petitioner to serve an effective term of twelve years in prison.  The Petitioner timely filed a pro se petition for post-conviction relief, alleging that his

conviction was the result of evidence seized in violation of the Fourth Amendment and that he was denied the effective assistance of counsel as guaranteed by both the United States and Tennessee Constitutions. The Petitioner asserted five factual grounds to support his ineffective assistance of counsel claim. He claimed that trial counsel: (1) failed to delay his case until the resolution of a pending murder case, which the State ultimately dismissed; (2) coerced him into entering a plea agreement; (3) failed to file a motion to suppress the evidence; (4) failed to argue that the drug and gun charges should have been consolidated with the then-pending murder case; and (5) failed to properly investigate the case.

The post-conviction court dismissed the petition for lack of a colorable claim. The post-conviction court relied on the plea colloquy and found that the trial court insured that the Petitioner entered the plea "freely, knowingly, voluntarily and understandingly." The Petitioner timely filed this appeal, arguing that the post-conviction court erred by failing to appoint counsel and conduct an evidentiary hearing.

## ANALYSIS

This court reviews a post-conviction court's summary dismissal of a post-conviction proceeding de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Post-conviction relief is available to petitioners for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The post-conviction court must determine whether the petition asserts a colorable claim. *See* Tenn. Sup. Ct. R. 28 § 6(B)(2)-(3). A colorable claim is a claim "that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief." Tenn. Sup. Ct. R. 28 § 2(H). The Post-Conviction Procedure Act requires that petitions "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis for those grounds." T.C.A. § 40-30-106(d). In determining whether a petitioner asserts a colorable claim, "pro se petitions are to be held to less stringent standards than formal pleadings drafted by lawyers." *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992) (internal quotations omitted); *see* T.C.A. § 40-30-106(d) (allowing a judge to order the filing of an amended pro se petition if the petition fails to state the factual basis of the claim). If the petition states a colorable claim, the post-conviction court must enter a preliminary order appointing counsel and set an evidentiary hearing. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing T.C.A. § 40-30-207(a), (b)(1) (1997)).

The Petitioner alleges that he received ineffective assistance of counsel. Accordingly, the Petitioner must allege facts that show: (1) that counsel's performance was deficient; and (2) that the deficient performance caused the defendant to be

prejudiced. *See Arnold*, 143 S.W.3d at 787 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Petitioner stated a factual basis in his petition alleging that trial counsel was deficient and maintained that he would not have accepted the guilty plea but for trial counsel's deficiencies.

The post-conviction court found that when the Petitioner entered the plea agreement, the plea colloquy insured that the Petitioner entered the plea "freely, knowingly, voluntarily, and understandingly." However, as this court has previously held, "a post-conviction court cannot make factual determinations or determine the ultimate question when making a preliminary determination as to whether a post-conviction petition states a colorable claim." *State v. John Pierce Lankford*, M2015-00676-CCA-R3-CD, 2016 WL 3402527, at *3 (Tenn. Crim. App. June 14, 2016) (concluding that a post-conviction court erred when it dismissed a petition for post-conviction relief for the failure to state a colorable claim when the petitioner claimed he did not enter his guilty pleas knowingly and voluntarily); *see generally Lane v. State*, 316 S.W.3d 555 (Tenn. 2010) (analyzing the merits of petitioner's claim for post-conviction relief based on the argument that he did not enter into a plea agreement knowingly and voluntarily when the trial court engaged in a thorough plea colloquy and the petitioner stated that he understood the consequences of entering a guilty plea). As the State concedes, the Petitioner's petition asserts a colorable claim.

## CONCLUSION

The decision of the post-conviction court is hereby reversed, and this case is remanded for the appointment of counsel and an evidentiary hearing.

_____
JOHN EVERTT WILLIAMS, PRESIDING JUDGE

- 3 -