IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2019

**JAY R. HASSMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-18-129          Roy B. Morgan, Jr., Judge**

_____

**No. W2018-01739-CCA-R3-PC**

_____

In October 2017, the Madison County Circuit Court revoked Jay R. Hassman's (the Petitioner) probation for relocating to the State of Florida without permission and ordered him to serve the remainder of his sentence in confinement. The Petitioner did not appeal the trial court's revocation of his probation to this court. Instead, he filed a "Motion for New Revocation Hearing" in the trial court, arguing that he received ineffective assistance of counsel at the revocation hearing. Jay R. Hassman v. State, No. W2018-00784-CCA-R3-PC, 2019 WL 244585 (Tenn. Crim. App. Jan. 16, 2019). The trial court denied relief on the basis that the motion was untimely as a motion for reduction of sentence under Tennessee Rule of Criminal Procedure 35 and that the motion could not be construed as a petition for post-conviction relief. Id. The Petitioner appealed the denial of his "Motion for New Revocation Hearing" to this court, which was recently denied. Id. Two months after he filed the "Motion for New Revocation Hearing," on June 4, 2018, the Petitioner filed a petition seeking post-conviction relief, claiming that the State of Tennessee breached the terms of his plea agreement, which was alleged to have been conditioned upon the Petitioner's ability to "move out of State." The Petitioner further claimed that due process considerations should toll the untimely filing of the post-conviction petition because "the breach of the plea agreement did not become known to [him] until" his arrest for the probation violation in October 2017. By order on June 8, 2018, the trial court dismissed the post-conviction petition as time-barred and because "the issues raised by the petition could have been raised at the revocation hearing or on appeal." On July 2, 2018, the Petitioner, acting pro se, filed a "Motion for New Trial," "disagree[ing]" with the trial court's June 8 order and findings, and respectfully requesting the trial court to reconsider. On September 12, 2018, by written order, the trial court denied the Petitioner's "Motion for New Trial." The Petitioner is now before this court and seeks review from the denial of his "Motion for New Trial." Because no appeal as of right flows from the Petitioner's filing, we decline review and dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Jay R. Hassman, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

As with any case, we must first determine whether this court has jurisdiction to hear the matter at hand. In doing so, we are mindful to construe the Petitioner's filings liberally, as pro se litigants are afforded under our law. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)). Rule 3(b) of the Tennessee Rules of Appellate Procedure provides:

> **Availability of Appeal as of Right by Defendant in Criminal Actions.** In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b) (emphasis added).

The order from which the Petitioner attempts to appeal is from the denial of a "Motion for New Trial," the substance of which pertained to the trial court's June 8, 2018 denial of the Petitioner's petition for post-conviction relief. Neither Rule 3 of the

- 2 -

Tennessee Rules of Appellate Procedure nor the Post-Conviction Procedure Act (the Act), the law governing post-conviction relief, provide for such a filing. See Tenn. Code Ann. §§ 40-30-101, et seq. In its initial response to the Petitioner's motion, the State argued, and we agree, that the Petitioner's filing is a legal nullity. Moreover, even if we construed the Petitioner's "Motion for New Trial" as a motion to reconsider, our law does not provide for an appeal as of right from the denial of a motion to reconsider a post-conviction petition. See John Ivory v. State, No. W2015-00636-CCA-R3-PC, 2015 WL 6873474, at *2 (Tenn. Crim. App. Nov. 9, 2015) ("A motion to reconsider is not one of the specified motions in Tennessee Rule of Appellate Procedure 4(c)."); see also Tenn. R. App. P. 4(a)-(c).

Finally, the order dismissing the post-conviction petition was filed on June 8, 2018, and the Petitioner's notice of appeal was filed on September 24, 2018. The Petitioner's motion to reconsider did not toll the thirty-day filing period required by Tennessee Rule of Appellate Procedure 4(a). Accordingly, his notice of appeal was untimely by nearly two months. The interest of justice does not demand waiver of the timely filing requirement because (1) the issues raised in the Petitioner's action have been waived because they could have been raised at his previous revocation hearing or on appeal from the trial court's order revoking his probation; see Tenn. Code Ann. §§ 40-30-106(g), 110(f) (noting that "[t]here is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived" and "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented"); and (2) the merits of the post-conviction matter have been previously determined by another panel of this court which concluded that it was barred by the one-year statute of limitations and that the Petitioner's attempt to collaterally attack the revocation/probation proceeding was not a cognizable claim under the Post-Conviction Procedure Act. Jay R. Hassman, 2019 WL 244585, at *1-2 (citing Young v. State, 101 S.W.3d 430, 432 (Tenn. 2002)). We acknowledge, as the Petitioner insists, that the issues raised in his "Motion for New Revocation Hearing" are different than those raised in his filing that was titled as a petition for post-conviction relief. However, by raising "ineffective assistance" in his initial filing, prior courts applied the law of the Post-Conviction Procedure Act. The Petitioner is now barred from filing a second petition for post-conviction relief under the Act, which contemplates the filing of only one (1) petition for post-conviction relief.

## **CONCLUSION**

Based on the above reasoning and analysis, this action is dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE