IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2021

## STATE OF TENNESSEE v. VERN BRASWELL

**Appeal from the Criminal Court for Shelby County**
No. 05-03038    Paula L. Skahan, Judge

_____

### No. W2021-00152-CCA-R3-CD

_____

After the trial court granted the State's motion to dismiss the "Emergency Motion to Alter or Adjust Sentence to Conform With the Principles of Compassionate Release" filed by Vern Braswell, Defendant, this appeal was initiated. On appeal, Defendant challenges the trial court's dismissal of his motion. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

Vern Braswell, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant was convicted of second degree murder for the manual strangulation death of his wife in December of 2005. *See State v. Vern Braswell*, No. W2006-01081-CCA-R3-CD, 2008 WL 238014, at *1 (Tenn. Crim. App. Jan. 28, 2008) ("*Braswell I*"), *perm. app. denied* (Tenn. Aug. 25, 2008). On direct appeal from his conviction, Defendant challenged the sufficiency of the evidence, the length of his sentence, and several evidentiary issues including the admissibility of hearsay statements and Defendant's prior bad acts. *Id.* at *11-24. This Court affirmed the conviction and sentence on direct appeal. *Id.*

Defendant subsequently sought post-conviction relief on the basis of ineffective assistance of counsel and *Brady* violations by the State. *See Vern Braswell v. State*, No. W2016-00912-CCA-R3-PC, 2018 WL 1719443, at *1 (Tenn. Crim. App. Apr. 9, 2018) ("*Braswell II*"), *perm. app. denied* (Tenn. Sept. 18, 2018). Despite finding trial counsel deficient in several respects, the post-conviction court determined that Defendant was not entitled to post-conviction relief because even with the deficiencies by trial counsel there was no prejudice to Defendant "in light of the strong evidence supporting [Defendant's] conviction for second degree murder." *Id.* at *60.

Over two years after the Tennessee Supreme Court denied permission to appeal in his post-conviction case, Defendant filed an "Emergency Motion to Alter or Adjust Sentence to Conform With the Principles of Compassionate Release." The document was signed by Defendant on December 23, 2020, but was not stamped filed by the trial court until January 4, 2021. The document was accompanied by a motion for appointment of counsel.

In the document, Defendant asked for an "immediate emergency" hearing to address various concerns Defendant had about exposure to Covid-19. Defendant complained that his recent cancer diagnosis, his incarceration status, and his race made him more vulnerable to Covid-19. As a result, Defendant asked for "compassionate release to home confinement" with "periodic probationary supervision" for a variety of reasons. To support his argument, Defendant cited the constitutional prohibitions against cruel and unusual punishment, an administrative order from the Tennessee Supreme Court outlining the administration of the courts during the pandemic, and a Governor's declaration regarding the state of the pandemic.

The State filed a response to Defendant's document, asking the trial court to summarily dismiss it because there was no legal authority for the request. The trial court granted the motion to dismiss. Defendant timely filed a notice of appeal.

After filing the notice of appeal, Defendant filed several pro se motions in this Court. Included in one of these motions was a request for supplementation of the record with "the transcript from the Appearance Docket date of Jan. 11, 2021," the date on which the trial court granted the State's motion to dismiss. Defendant sought the transcript to determine if "any exchange" took place between the trial court and the State. This Court remanded to the trial court for supplementation of the record. The trial court entered an order stating that there was "no discussion or hearing [that] took place prior to the entry of the [o]rder" dismissing Defendant's request. This Court granted Defendant's request to expedite the appeal on the basis of Defendant's cancer diagnosis and treatment.

*Analysis*

On appeal, Defendant argues that the trial court had the authority to conduct a hearing under Tennessee Rule of Criminal Procedure 35 to determine if his "sentence should be altered or modified, due to his medical vulnerability brought on by his cancer diagnosis in a prison with COVID-19 during the pandemic." Relying on principles of compassionate release, the prohibitions against cruel and unusual punishment, and an administrative order from the Tennessee Supreme Court regarding the administration of the state's courts during the pandemic, Defendant cites Charles Dickens that "it was the worst of times." He argues that the "interests of justice dictate[] his sentence be[] altered or adjusted." The State insists that Defendant did not file a motion pursuant to Rule 35 in the trial court and has waived the issue by raising it for the first time on appeal, that there is no legal authority for Defendant's position, and that he is not entitled to relief.

The State initially argues that Defendant never sought relief via Rule 35 in the trial court and, therefore, cannot now ask for such relief on appeal. We agree that "[a]ppellate review generally is limited to issues that a party properly preserves for review by raising the issues in the trial court and on appeal." Tenn. R. App. P. 36(a). However, while it may be well argued that we are living in "the worst of times," Tennessee Rules of Criminal Procedure do not expressly provide for an "Emergency Motion to Alter or Adjust Sentence to Conform With the Principles of Compassionate Release" as a procedural mechanism to seek review of a trial court's judgment. "It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). Moreover, we construe the filings of pro se litigants liberally. *See Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992); *State v. Shelton Hall*, No. M2012-01622-CCA-R3-CD, 2013 WL 1200266, at *4 (Tenn. Crim. App. Mar. 26, 2013), *no perm. app. filed*.

Despite the liberality granted to pro se litigants, even if this Court were to construe Defendant's pleading as a motion for relief pursuant to Tennessee Rule of Criminal Procedure 35, it would be untimely. A motion filed pursuant to Rule 35 must be "filed within 120 days after the date the sentence is imposed" and there are "[n]o extensions" to the time limitation and nothing that will "toll the running of this time limitation." Tenn. R. Crim. P. 35(a). Defendant was convicted and sentenced many years ago. Defendant is not entitled to relief pursuant to Rule 35.

If this Court were to review Defendant's motion not as filed under Rule 35, but rather on the basis of the supreme court's administrative order or the prohibition against cruel and unusual punishment, this Court would not have jurisdiction to hear the appeal. Rule 3 of the Tennessee Rules of Appellate Procedure explicitly grants the "Availability of Appeal as of Right by Defendant in Criminal Actions." Defendant's request for review

of the trial court's dismissal of his motion either on the basis of the application of an administrative order or the constitutional prohibition against cruel and unusual punishment does not fit within the available avenues provided to a defendant in Rule 3. Accordingly, Defendant is not entitled to relief from his sentence.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
TIMOTHY L. EASTER, JUDGE