FILED
10/23/2024
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2024

## QUESHAN BROOKS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2018-C-1604    Steve R. Dozier, Judge**

___

### No. M2024-00198-CCA-R3-PC

___

The Petitioner, Queshan Brooks, appeals the trial court's summary dismissal of his petition for post-conviction relief.  Upon our review of the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JOHN W. CAMPBELL, SR., J., joined.

Queshan Brooks, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Deborah M. Housel and J. Wesley King, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION
### I.  Facts

This case arises from the Petitioner's October 22, 2019 guilty-pleaded convictions of four counts of first degree murder, two counts of attempted first degree murder, two counts of employing a firearm during a dangerous felony, one count of especially aggravated robbery, four counts of aggravated assault, and one count of theft of property. After a sentencing hearing, the Petitioner received a sentence of three consecutive life sentences without parole plus eighty years.  Judgments were entered on December 19, 2019.

On or about May 19, 2023, the Petitioner, acting pro se, filed an untimely notice of appeal.  *See* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate

court within 30 days after the entry of the judgment appealed from."). On June 23, 2023, this court directed the Petitioner to explain why the timeliness requirement should be waived and to identify the issues he intended to raise on appeal. *See id*. ("[I]n all criminal cases, the "notice of appeal" document is not jurisdictional, and the timely filing of such document may be waived in the interest of justice.") On July 3, 2023, the Petitioner responded, stating that he failed to comply with Rule 3's timeliness requirement "due to ineffective assistance of counsel and also lack of knowledge pertaining to . . . procedures." He explained that he intended to appeal aspects of his sentencing and referenced other claims of "prosecutorial misconduct" and "violation[s] of constitutional rights." On July 20, 2023, this court declined to waive Rule 3's timeliness requirement and dismissed the Petitioner's appeal.

On August 21, 2023, the Petitioner filed a petition for post-conviction relief in this court, alleging the ineffective assistance of counsel. This court dismissed the petition for lack of jurisdiction. *See* T.C.A. § 16-5-108 ("The jurisdiction of the court of criminal appeals shall be appellate only."). On November 27, 2023, the Petitioner filed a petition for post-conviction relief in the trial court, again alleging the ineffective assistance of counsel during his sentencing hearing. In his petition, the Petitioner first alleged that his petition was timely because it had been filed within three years of the final action of the highest state appellate court to which an appeal was taken, relying upon *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). However, he later appeared to concede that the Post-Conviction Procedure Act "clearly mandates that post-conviction claims be filed within one year from the date of the final action" of the highest state appellate court to which an appeal was taken. *See* T.C.A. § 40-30-102(a). He cursorily referenced the doctrine of due process tolling but did not argue for its application to his case. He also contended that his guilty pleas were "unlawfully induced" and "involuntarily entered" because he was not present during the proceedings. Along with his post-conviction petition, the Petitioner requested the appointment of post-conviction counsel and filed a motion to receive the transcripts of his plea and sentencing proceedings.

The post-conviction court summarily dismissed the Petitioner's post-conviction petition as untimely on January 8, 2024. In a written order, the post-conviction court noted that the Petitioner's reliance upon *Burford* was misplaced because the holding in that case was overruled by the Post-Conviction Procedure Act's reduction of the statute of limitations for a post-conviction petition from three years to one year. *Id*. The post-conviction court held that no "final action" had been taken by a state appellate court and that the "Petitioner's opportunity to toll the deadline for post-conviction relief is likewise filed too late for consideration," noting that the petition had been filed "significantly past the one-year mark of final judgment." Timeliness notwithstanding, the court continued to address the Petitioner's claims of ineffective assistance, recalling that the "Petitioner was present in the courtroom with trial counsel and responded affirmatively to all questions in the plea colloquy." Further, the trial court noted that "[t]he plea agreement in the case file reflects signatures of [the] Petitioner, trial counsel, the assistant district attorney, and this

Court. [The] Petitioner states he did not accept this agreement on the record, which is factually incorrect." Because it found the Petitioner's petition untimely, the post-conviction court also denied the Petitioner's request for the transcripts of his plea and sentencing hearings and for the appointment of post-conviction counsel. The Petitioner timely appealed.

## II. Analysis

On appeal, the Petitioner argues that the post-conviction court's denial of his motion for transcripts of his plea and sentencing hearings "creat[ed] a clear prejudice[] to the judicial process" by presenting a partisan interest. He asserts that the transcripts would have proven his claim that he was not present during his plea and sentencing proceedings. He argues that he received the ineffective assistance of counsel by trial counsel's failure to inform him of the details of his plea agreements. In his statement of the issues presented for review, the Petitioner also asks "[w]hether this [c]ourt should toll the [one] year statute of [l]imitations" for filing his post-conviction petition. The State responds that the post-conviction court properly dismissed the petition as untimely, and that due process does not require the tolling of the statute of limitations.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. . . ." T.C.A. § 40-30-102(a). The untimely filing of a notice of appeal does not constitute final action of an appellate court. *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001).

Here, the judgments against the Petitioner were entered on December 19, 2019, and because the Petitioner did not timely appeal, the judgments became final on January 20, 2020. *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001) ("A trial court's judgment as a general rule becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed."). The Petitioner therefore had until January 20, 2021, to file his post-conviction petition, making his November 27, 2023 petition untimely by nearly three years.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." T.C.A. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law

or equity." T.C.A. § 40-30-102(a).

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled. *See* T.C.A. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Our supreme court has held that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) (abrogated on other grounds by *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 511-13 (Tenn. 2013)).

The Petitioner did not argue in his post-conviction petition that due process required the tolling of the statute of limitations, nor did he present any evidence that would support such a claim. On appeal, the Petitioner's argument for due process tolling amounts to a single sentence inquiry in his statement of the issues, asking "[w]hether this [c]ourt should toll the [one] year statute of [l]imitations." The Petitioner does not cite to the record, present any authorities, or provide any factual basis that would support a claim for due process tolling. Though we afford leniency to *pro se* petitioners in the drafting of their briefs, they are nevertheless required to present a basic theory of relief. *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992) (citations omitted). We are therefore unable to conduct meaningful review of the Petitioner's claim for due process tolling, and it is waived. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); *see also* Tenn. R. App. P. 27(a)(7)(A) (requiring the appellant to present a brief containing an argument setting forth "the contentions of the appellant with respect to the issues presented, the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record.").

We conclude that the Petitioner filed his post-conviction petition beyond the one-year statute of limitations. Therefore, the post-conviction court correctly dismissed the Petitioner's post-conviction petition. *See* T.C.A. § 40-30-102(b).

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the post-conviction court's summary dismissal of the Petitioner's petition.

_____
ROBERT W. WEDEMEYER, JUDGE

- 4 -