IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2025

## DARIUS MACK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 18-03765      David L. Pool, Judge

_____

## No. W2024-01317-CCA-R3-PC
_____

Petitioner, Darius Mack, appeals the Shelby County Criminal Court's summary dismissal of his post-conviction petition. He argues that the post-conviction court erred in dismissing his petition without first appointing counsel because his petition presented a colorable claim for relief and the issues were not previously determined. Upon review of the entire record, the briefs of the parties, and the applicable law, we conclude that the trial court erred in dismissing the petition as it stated a colorable claim and warranted the appointment of counsel. Thus, we reverse the order of summary dismissal and remand the case for further proceedings pursuant to the Post-Conviction Procedure Act.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

JILL BARTEE AYERS, J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Darius Mack, Tiptonville, Tennessee, for the appellant, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In July 2018, Petitioner was indicted for first degree premeditated murder and tampering with evidence for shooting the victim who was sitting in a parked car and for removing shell casings from the scene. *State v. Mack*, No. W2022-00224-CCA-R3-CD, 2023 WL 28725, at *4 (Tenn. Crim. App. Jan. 4, 2023), *perm. app. denied* (Tenn. May 15,

2023). Petitioner filed a pre-trial motion to suppress his self-incriminatory statements to law enforcement. *Id.* at *1. At the suppression hearing, Memphis Police Department Sergeant Michael Coburn testified that after he located Petitioner and his girlfriend, he transported the pair to the police station. *Id.* Sergeant Coburn arrived at the police station with Petitioner and Petitioner's girlfriend "around 11:30 a.m." and placed Petitioner and his girlfriend in separate rooms. *Id.* At 4:40 p.m., before law enforcement began speaking with Petitioner, Sergeant Coburn advised Petitioner of his rights, and Petitioner read aloud the advice of rights form, initialed each of his rights, and signed the waiver of rights section. *Id.* Eventually, Petitioner admitted to shooting the victim but claimed he did so in self-defense. *Id.* Petitioner initialed a form again acknowledging his rights and "then narrated a statement while a third party typed it out." *Id.*

Petitioner's grandfather testified that Petitioner was "kind of slow" and often did not understand what people said to him. *Id.* at *2. According to Petitioner's grandfather, if Petitioner did "not understand what people are saying, he just agrees with them." *Id.*

Petitioner testified that the "interrogation process left him tired and frustrated and that several officers came in and out of the room, banging on the table and threatening to 'lock up'" Petitioner's girlfriend if he did not confess. Petitioner stated that he did not ask for an attorney during the interrogation because he was unaware that he had the right to have one present. Petitioner "told law enforcement what they wanted to hear in order to end the questioning." *Id.*

The trial court denied Petitioner's motion to suppress, finding that "the proof adduced at the hearing indicate[d] that [Petitioner] understood his rights and was not coerced in any way to waive his *Miranda* rights." *Id.* The trial court accredited Sergeant Coburn's testimony and found that he "neither coerced, threatened, or in any way forced [Petitioner] to give a statement." *Id.* Finally, the trial court found that no evidence supported Petitioner's claim that "law enforcement threatened to lock up [Petitioner]'s girlfriend as a means of overcoming" Petitioner's will. *Id.* at *3.

Petitioner was subsequently convicted by a jury as charged for first degree premeditated murder and tampering with evidence. *Id.* at *4. On direct appeal, Petitioner argued that his statements should have been suppressed because law enforcement failed to advise him of his rights at the "outset" of the interview, and "the interrogation was coercive based on a violation of his *Miranda* rights, the tactics used by law enforcement, and [Petitioner]'s inability to understand those rights." *Id.* at *4. This court affirmed the trial court's denial of Petitioner's motion to suppress. *Id.* at *6-7. The Tennessee Supreme Court denied Petitioner's application for permission to appeal.

On May 16, 2024, Petitioner timely filed a pro se petition for post-conviction relief, arguing that he received ineffective assistance of counsel at the suppression hearing. He asserted that trial counsel should have argued that Petitioner was unable to understand the rights he was waiving because "the cumulative effect of multiple errors during the illegal interrogation," rather than trial counsel's argument that Petitioner was "less than intelligent." According to Petitioner, "officers consistently assaulted him with constant accusatory, demanding, and unceasing interrogation," and ultimately, manipulation by "utilizing his then girlfriend" to coax a confession out of Petitioner. Petitioner asserted that it was only after "extract[ing] the version of events consistent with their theory of the crime," that law enforcement read him his *Miranda* rights. Petitioner argued that he could not have understood the waiver of his *Miranda* rights because he was "under the state of duress." Petitioner requested that the post-conviction court appoint counsel, that appointed counsel be given time to amend the pro se petition, and that an evidentiary hearing be conducted.

On July 25, 2024, the post-conviction court entered a written order summarily dismissing the petition. The post-conviction court stated that "Petitioner allege[d] multiple constitutional violations but offer[ed] little in specifics." It noted that Petitioner argued that "the cumulative error doctrine applies to the suppression hearing, and that counsel failed to point out multiple constitutional violations perpetrated by the police during the interrogation." The post-conviction court noted that it had reviewed the transcript of the suppression hearing and found that in denying Petitioner's motion to suppress, the trial court relied on Sergeant Coburn's testimony that Petitioner was apprised of his rights "multiple times" and "necessarily found that Petitioner knowingly and voluntarily waived his Fifth Amendment rights prior to interrogation." The post-conviction court also relied on this court's opinion affirming the denial of the motion to suppress as "illustrating that the evidence did not preponderate against the trial court's ruling."

The post-conviction court's order reflected that the court reviewed the transcript of the suppression hearing, and it found that trial counsel was not deficient because trial counsel's argument that "Petitioner's cognitive disabilities prevented him from understanding that he was giving up his rights" was proper. It also found that Petitioner failed to establish that Petitioner was prejudiced by the alleged deficient performance because it was "not reasonably probable" that Petitioner's statements would have been suppressed had trial counsel argued that Petitioner "could not comprehend that he was giving up his rights because Petitioner was under duress" or that the outcome of Petitioner's trial would have been different if conducted without his statements.

Further, the post-conviction court found that Petitioner was attempting to relitigate the suppression issue he raised on direct appeal and that Petitioner's "conclusory statements of illegal interrogation tactics" did not entitle him to relief. It found that

Petitioner "was given notice of his right to an attorney and right to remain silent numerous times," read his rights aloud, signed two advice of rights forms, was provided food and water, and was not beaten or threatened with physical harm, deprived of sleep, or kept isolated for an excessive amount of time.

Petitioner's timely appeal is now properly before this court.

**Analysis**

On appeal, Petitioner argues that the post-conviction court erred by summarily dismissing his petition without first appointing counsel and conducting an evidentiary hearing. The State asserts that the post-conviction court properly dismissed the petition because it did not state a colorable claim, and his ineffective assistance of counsel claim was previously determined on direct appeal. We agree with Petitioner.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Under the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-101 *et seq.*, a petition:

> must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

*Id.* § 40-30-106(d). If a petition amended under subsection (d) is incomplete and the petitioner is indigent, the post-conviction court may appoint counsel to file an amended petition. *Id.* § -106(e). A post-conviction court may summarily dismiss a petition "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined[.]" *Id.* § -106(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *Id.* § 106(h).

"[W]hether it is appropriate for a court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing

counsel depends on whether the petition states a colorable claim." *Nunnery v. State*, No. M2013-01841-CCA-R3-PC, 2014 WL 4266448, at *2 (Tenn. Crim. App. Aug. 29, 2014) (citing Tenn. R. Sup. Ct. 28, § 6(B)(2)-(3)). A colorable claim is "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). If the post-conviction court determines that "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Burnett*, 92 S.W.3d at 406 (citing T.C.A. § 40-30-106(f)).[1] In making this determination, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Nunnery*, 2014 WL 4266448, at *2 (quoting *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992)). Summary dismissal of a pro se petition is improper if the availability of relief cannot be conclusively determined from the petition, and thus, is proper only if the "petition conclusively shows that the petitioner is entitled to no relief[.]" *Dowlen v. State*, No. M2019-00631-CCA-R3-PC, 2020 WL 865388, at *2 (Tenn. Crim. App. Feb. 21, 2020) (first citing *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988), and then citing *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985)).

After construing the petition in the light most favorable to Petitioner, we conclude that the post-conviction court erred by summarily dismissing the petition. *See Arnold*, 143 S.W.3d at 786-87. First, regarding the post-conviction court's finding that Petitioner's claim had been previously litigated, we note that no issues regarding trial counsel's performance at the suppression hearing were raised or addressed on direct appeal to this court. *See Mack*, 2023 WL 28725, at *4; *see also Shifflett v. State*, No. E2010-01551-CCA-R3-PC, 2011 WL 2732357, at *3 (Tenn. Crim. App. July 14, 2011) (concluding that the post-conviction court erred in determining that several issues had been previously determined on direct appeal). Moreover, we have previously recognized that "a claim asserting the ineffective assistance of counsel with respect to a particular issue may be brought even when the underlying substantive issue has been waived or previously determined." *Woodard v. State*, No. M2022-00162-CCA-R3-PC, 2022 WL 4932885, at *4 (Tenn. Crim. App. Oct. 4, 2022), *no perm. app. filed*.

Further, the petition presents factual allegations that, if taken as true, present a colorable claim for relief. Petitioner asserted that trial counsel was ineffective for failing to argue that the circumstances of his interrogation rendered his statements coerced and the waiver of his *Miranda* rights ineffective, and Petitioner provided a factual basis for this claim. In summarily dismissing the petition for failing to state a colorable claim, the post-

---

[1] The *Burnett* opinion cites Tennessee Code Annotated section 40-30-206 which has since been transferred to section 40-30-106.

conviction court made factual findings based upon the transcript of the suppression hearing and the trial court's ruling on the suppression motion without an evidentiary hearing on the allegations contained in the petition, as required by the Post-Conviction Procedure Act. *See* T.C.A. § 40-30-106(f); *Nunnery*, 2014 WL 4266448, at *6.

Because the facts in the petition, if taken as true, present a colorable claim for relief that has not been previously determined, we conclude that the post-conviction court erred in summarily dismissing the petition.

## CONCLUSION

For the foregoing reasons, we reverse the post-conviction court's order summarily dismissing Petitioner's petition for post-conviction relief. We remand this case to the post-conviction court for further proceedings consistent with the Post-Conviction Procedure Act.

s/ *Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE