IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 15, 2025

## GREGORY BONDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 10958     A. Blake Neill, Judge**

_____

### No. W2024-01831-CCA-R3-PC
_____

The Petitioner, Gregory Bonds, entered a guilty plea to seven offenses, for which he received a concurrent twelve-year term of imprisonment. The Petitioner subsequently filed a pro-se petition seeking post-conviction relief from his convictions, alleging that trial counsel was ineffective for allowing him to enter an agreement with the State for an illegal sentence. The Petitioner alleged that his sentence was illegal because the employing a firearm during the commission of a dangerous felony offense was ordered to be served concurrently with other offenses in direct contravention of the law. The post-conviction court summarily dismissed the petition for failure to state a colorable claim for relief. On appeal, the Petitioner argues: (1) the post-conviction court erred in failing to hold an evidentiary hearing for his claim of ineffective assistance of counsel; and (2) that he did not knowingly, voluntarily, or intelligently enter the plea agreement. Upon review, we affirm the judgment of the post-conviction court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and J. ROSS DYER, JJ., joined.

Gregory Bonds, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; and Mark Davidson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 3, 2024, pursuant to a negotiated plea agreement, the Petitioner entered a guilty plea to the following charges: (1) Aggravated Assault; (2) Domestic

Assault; (3) Felony Reckless Endangerment; (4) Interference with a 911 Call; (5) Aggravated Kidnapping; (6) Possession of a Firearm by a Convicted Felon; and (7) Unlawful Possession of a Weapon. The Petitioner was originally charged with eight offenses. However, the charge of Employing a Firearm During the Commission of a Dangerous Felony was dismissed pursuant to the plea agreement. Pursuant to the plea agreement, the Petitioner received an effective sentence of twelve years in confinement.

On October 28, 2024, the Petitioner filed a pro se post-conviction petition seeking relief from his sentence. He presented two grounds for relief: (1) ineffective assistance of counsel; and (2) that he did not knowingly, voluntarily, and intelligently enter his plea. In his petition, he argued that "[c]ounsel rendered ineffective assistance by allowing petitioner to enter into an agreement with the state of Tennessee for an illegal sentence." He claimed his sentence was illegal because it was imposed in direct violation of Tennessee Code Annotated section 39-17-1324, which defines the crime of employing a firearm during the commission of a dangerous felony. He argued that section 39-17-1324(e) mandates consecutive sentencing and prohibits the concurrent sentences he received.

By written order on November 4, 2024, the post-conviction court summarily dismissed the petition. The post-conviction court concluded that the Petitioner had failed to state a colorable claim for relief because the Petitioner's arguments were based on the mistaken belief that he had been convicted under Tennessee Code Annotated section 39-17-1324. The court found that the "Petitioner is correct that a person convicted and sentenced under this statute is not entitled to concurrent sentences, and, therefore, a concurrent sentence would be illegal and void. But the Petitioner was neither convicted nor sentenced under section 39-17-1324." The order of the post-conviction court further provided:

> [P]ursuant to his negotiated plea agreement, the charge of Employing a Firearm During the Commission of a Dangerous Felony [Tenn. Code Ann. § 39-17-1324] was dismissed. There is no statute that prevents the Petitioner's sentences for the offenses to which he did plead guilty from running concurrently. As a result, the Petitioner's sentence is not illegal. Because that is the only claim he asserts, he is not entitled to post-conviction relief.

The Petitioner timely appealed to this court.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court "failed to address each and every issue presented" in his petition because the petition was summarily dismissed without a hearing. He claims that "where a post-conviction petition augments a serious constitutional question, federal and state, as to effective assistance of counsel, it is error to dismiss the petition without an evidentiary hearing and without appointing counsel to represent the indigent petitioner." He maintains on appeal that his sentence is illegal under Tennessee Code Annotated section 39-17-1324, and he argues that the post-conviction court "erred in its application of law dealing with illegal sentences in plea agreements." The Petitioner also asserts in his brief that the trial court was required to impose consecutive sentences because of his "history of violence towards the victim in this case." The State responds that the post-conviction court properly dismissed the petition for failing to state a colorable claim for relief because the Petitioner's grounds for relief are based on an incorrect legal premise. We agree with the State.

This Court reviews the summary dismissal of a petition for post-conviction relief *de novo*. Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). A petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). A ground for relief is considered waived if the petitioner fails to present it for determination in any proceeding before a court of competent jurisdiction where the ground could have been raised. Tenn. Code Ann. § 40-30-106(g).

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. "If the facts alleged in the petition, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the post-conviction court shall dismiss the petition." See id. § 40-30-106(f) (2006). The order of dismissal shall set forth the post-conviction court's conclusions of law. See id. A post-conviction court shall enter an order or a preliminary order within thirty (30) days of the filing of the petition or amended petition. See id. § 40-30-106(a) (2006).

In Burnett v. State, the Tennessee Supreme Court outlined the process that a post-conviction court must follow in determining whether a petition for post-conviction relief should be dismissed without a hearing. 92 S.W.3d 403, 406 (Tenn. 2002). First, the court should review the petition to determine whether the petition asserts a colorable claim. Id. A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'" Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)). Accordingly, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or

in other words, fail to state a colorable claim, the petition shall be dismissed."[1]  Id. (citing Tenn. Code Ann. § 40-30-206(f) (1997)).  Second, the post-conviction court "may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary."  Id. (citing Tenn. Code Ann. § 40-30-207(b)(1) (1997)).[2]  The Burnett court summarized the last step in the process:

> In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it.  If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed [without an evidentiary hearing].

Id. (citing § 40-30-209(a) (1997)).[3]

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys.  Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)).  "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel."  Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (citing Tenn. Code Ann. §§ 40-30-104, -107, -115).  However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing."  Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing Tenn. Code Ann. § 40-30-109).

Here, the post-conviction court did not err in summarily dismissing the petition without an evidentiary hearing, as both grounds for relief were based on the claim that the Petitioner was convicted under a statute corresponding to a charge that had been dismissed pursuant to the plea agreement.  The post-conviction court properly concluded that the Petitioner had failed to establish that his conviction or sentence was void or voidable because of an abridgement of a constitutional right.  Furthermore, the Petitioner's argument on appeal is premised upon the same erroneous argument that his sentence is illegal under Tennessee Code Annotated section 39-17-1324.  As the record clearly reflects, the Petitioner was not convicted under that statute.  Additionally, this Court will not consider the Petitioner's argument that his concurrent sentence is improper due to his "history of violence against the victim" because he failed to include this claim

---

[1] Section 40-30-206 was renumbered to 40-30-106 in 2003.

[2] Section 40-30-207 was renumbered to 40-30-107 in 2003.

[3] Section 40-30-209 was renumbered to 40-30-109 in 2003.

- 4 -

in his petition and he provided no proof in support of said claim. Accordingly, the Petitioner is not entitled to relief.

## **CONCLUSION**

Based on the above reasoning and authority, we affirm the judgment of the post-conviction court.

s/ Camille R. McMullen_____

CAMILLE R. MCMULLEN, PRESIDING JUDGE