IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2025

## NATHANIEL T. TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 129646   Steven W. Sword, Judge**

_____

### No. E2025-00310-CCA-R3-PC

_____

Petitioner, Nathaniel Taylor, appeals the Knox County Criminal Court's summary dismissal of his post-conviction petition. He argues that the post-conviction court erred in dismissing his petition because (1) his petition was unjustly denied in light of established law and under color of law; (2) he should have been appointed counsel and granted an evidentiary hearing in order to present his case; and (3) his conviction was based on the use of evidence gained pursuant to an unconstitutional search and seizure in violation of the Fourth Amendment of the U.S. Constitution. Upon review of the entire record, the briefs of the parties, and the applicable law, we affirm the post-conviction court's summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Nathaniel T. Taylor, Nashville, Tennessee, for the appellant, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Charme Allen, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

Petitioner was charged with possession of a firearm by a convicted felon based on a search of Petitioner's car during a traffic stop by the Knoxville Police Department on January 21, 2019. Petitioner filed a motion to suppress the evidence obtained during the stop claiming he was unlawfully seized. The record does not include Petitioner's motion

or the transcript of his guilty plea; however, the post-conviction court's order dismissing the petition states that "Petitioner implicitly withdrew that motion and entered a guilty plea in exchange for a declination letter from the federal government on February 6, 2020." The order also indicates that after being "subjected to federal charges, [Petitioner] was allowed to withdraw that plea a week later."

On January 5, 2021, Petitioner filed a second motion to suppress in his state case based on similar claims. However, on February 1, 2024, while the motion was pending, Petitioner pled guilty to the charge. While the second motion to suppress was still pending in his state court case, Petitioner moved to suppress the firearm in his federal case, arguing that the officer did not have reasonable suspicion to detain him beyond the time necessary to issue a traffic citation. *United States v. Taylor*, 121 F.4th 590, 593 (6th Cir. 2024). The district court denied the motion. *Id.* Petitioner entered a conditional guilty plea on the federal charges, reserving his right to appeal the denial of his motion to suppress. *Id.* at 594. On November 15, 2024, the Sixth Circuit Court of Appeals reversed the district court's denial of Petitioner's motion to suppress.

On January 29, 2025, Petitioner timely filed a pro se petition for post-conviction relief arguing that his conviction was based on the use of unconstitutionally obtained evidence, and he attached to his petition a portion of the Sixth Circuit's opinion in his federal case. The post-conviction court entered an order summarily dismissing the petition finding that by pleading guilty before a hearing and disposition of his motions to suppress, Petitioner had waived his claim. Petitioner filed a timely notice of appeal.[1]

## Analysis

On appeal, Petitioner argues that the post-conviction court erred by summarily dismissing his petition. He claims he is entitled to withdraw his guilty plea because the Sixth Circuit found the search of his car, which led to the state and federal charges against him, was unconstitutional. The State asserts that the post-conviction court properly dismissed the petition because it did not raise a colorable claim for relief. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction court may summarily dismiss a petition "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have

---

[1] While his appeal was pending, Petitioner filed with this court a motion to withdraw his guilty plea and dismiss his state indictment. This court denied the motion, finding it inapt to appellate procedure.

not been waived or previously determined[.]" *Id.* § -106(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *Id.* § 106(h).

"[W]hether it is appropriate for a court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim." *Nunnery v. State*, No. M2013-01841-CCA-R3-PC, 2014 WL 4266448, at *2 (Tenn. Crim. App. Aug. 29, 2014) (citing Tenn. R. Sup. Ct. 28, § 6(B)(2)-(3)). A colorable claim is "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). If the post-conviction court determines that "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Burnett*, 92 S.W.3d at 406 (citing T.C.A. § 40-30-106(f)).[2] In making this determination, "pro se petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Nunnery*, 2014 WL 4266448, at *2 (quoting *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992)). Summary dismissal of a pro se petition is improper if the availability of relief cannot be conclusively determined from the petition, and thus, is proper only if the "petition conclusively shows that the petitioner is entitled to no relief[.]" *Dowlen v. State*, No. M2019-00631-CCA-R3-PC, 2020 WL 865388, at *2 (Tenn. Crim. App. Feb. 21, 2020) (first citing *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988), and then citing *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985)). The summary dismissal of a petition by the post-conviction court is an issue of law reviewed de novo without a presumption of reasonableness. *See Burnett*, 92 S.W.3d at 406.

After construing the petition in the light most favorable to Petitioner, we conclude that the post-conviction court did not err by summarily dismissing the petition. Here, Petitioner's claim is not colorable because it is waived. Tennessee Code Annotated 40-30-106 provides in part:

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

---

[2] The *Burnett* opinion cites Tennessee Code Annotated section 40-30-206 which has since been transferred to section 40-30-106.

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Because Petitioner entered a guilty plea while his motion to suppress was pending, he failed to present the trial court with the claim set out in the motion which is now his basis for post-conviction relief. Thus, he failed to present his ground for determination at the appropriate time. He does not argue that he was unconstitutionally prevented from asserting the claim in the trial court, nor does his claim satisfy any exception under Tennessee Code Annotated 40-30-106(g). The post-conviction court did not err when it found that Petitioner waived his claim and summarily dismissed his post-conviction petition.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's order summarily dismissing Petitioner's petition for post-conviction relief.

S/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE

- 4 -