IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2026

**THOR LUCAS COLEMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Williamson County**
**No. W-CR210431    Joseph A. Woodruff, Judge**

_____

**No. M2025-01154-CCA-R3-PC**

_____

Petitioner, Thor Lucas Coleman, appeals from the summary dismissal of his petition for post-conviction relief. He argues that the post-conviction court erred in dismissing his petition without a hearing or the appointment of counsel. Petitioner raises for the first time on appeal two claims of ineffective assistance of counsel. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and TOM GREENHOLTZ, JJ., joined.

Thor Lucas Coleman, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Stacey Edmonson, District Attorney General; and Jennifer K. Dungan, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted by a Williamson County jury of attempted first degree murder, aggravated assault by strangulation, aggravated assault by violating a restraining order, possessing a firearm during the commission of a dangerous felony, and unlawful possession of a weapon. *State v. Coleman*, No. M2023-00139-CCA-R3-CD, 2024 WL 4902505, at *1 (Tenn. Crim. App. Nov. 27, 2024), *no perm. app. filed*. A recitation of the facts underlying Petitioner's convictions is not necessary for our disposition of the issues on appeal. In short, the case arose from Petitioner's May 7, 2021, assault on the victim, during which Petitioner strangled her. The trial court sentenced Petitioner to forty-five

years with the Tennessee Department of Correction. On direct appeal, Petitioner asserted that: 1) the trial court improperly admitted evidence of his prior acts of domestic violence against the victim; and 2) the evidence was insufficient to sustain his conviction for attempted first degree murder. *Id.* A panel of this Court affirmed Petitioner's convictions. *Id.*

Petitioner filed a pro se petition for post-conviction relief, alleging that the trial court erred "by allowing the State to present prior bad act evidence pursuant to [R]ule 404(b)" and that the evidence was insufficient to support his attempted first degree murder conviction. The post-conviction court entered an order dismissing the petition, concluding that Petitioner's claims were previously determined on direct appeal.

Petitioner appeals, asserting that the post-conviction court erred by dismissing his post-conviction petition without a hearing or appointment of counsel and that his trial counsel was ineffective "for failing to present evidence contesting the State's case" and failing to challenge the admission of evidence of other instances of domestic violence.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction court may summarily dismiss a petition "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined[.]" *Id.* § -106(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *Id.* § -106(h).

"[W]hether it is appropriate for a court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim." *Nunnery v. State*, No. M2013-01841-CCA-R3-PC, 2014 WL 4266448, at *2 (Tenn. Crim. App. Aug. 29, 2014) (citing Tenn. R. Sup. Ct. 28, § 6(B)(2)-(3)), *no perm. app. filed*. A colorable claim is "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H); *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

If the post-conviction court determines that "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Burnett*, 92 S.W.3d at 406 (citing T.C.A. § 40-30-106(f)). When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. *Allen v. State*, 854

S.W.2d 873, 875 (Tenn. 1993) (citing *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (citing T.C.A. §§ 40-30-104, -107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing T.C.A. § 40-30-109). The summary dismissal of a petition by the post-conviction court is an issue of law reviewed de novo without a presumption of reasonableness. *See Burnett*, 92 S.W.3d at 406.

After construing the petition in the light most favorable to Petitioner, we conclude that the post-conviction court did not err by summarily dismissing the petition. Petitioner raised two issues in his petition: 1) whether the trial court erred by allowing the State to present evidence of prior assaults against the victim in violation of Rule 404(b); and 2) whether the evidence at trial was sufficient to sustain his conviction for attempted first degree murder. Both of these issues were raised on direct appeal and decided by this Court. *See Coleman*, 2024 WL 4902505, at *1. As the post-conviction court observed in its order dismissing the petition, Petitioner "merely reasserts issues that have already been decided on direct appeal."

Petitioner "grudgingly admits the similarity between his issues on appeal and his issues here" and attempts to reframe the issues as claims of ineffective assistance of counsel. However, issues raised for the first time on appeal are waived. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004); T.C.A.§ 40-30-106(g). "Issues not addressed in the post-conviction court will generally not be addressed on appeal." *Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005) (citing *Rickman v. State*, 972 S.W.2d 687, 691 (Tenn. Crim. App. 1997); *State v. White*, 635 S.W.2d 396, 397-98 (Tenn. Crim. App. 1982)).

Petitioner's claim that "trial counsel was ineffective for failing to present evidence contesting the State's case" is waived because he did not include any such claim in his post-conviction petition. Regarding the 404(b) issue, Petitioner asserted in his petition, "To the extent that this court may deem [the i]ssue [] waived due to counsel's failure to preserve the issue, or raise it on direct [a]ppeal, Petitioner submits that this court may consider it as an [i]neffective [a]ssistance of [c]ounsel issue." Petitioner asserted that "counsel was ineffective for failing to file a [m]otion in [l]imine or 404(b) [m]otion; for failing to hold a pretrial hearing to determine whether the conduct alleged had probative value or even a basis in reality; and for failing to cross-examine effectively." Finally, he asserted that the "failure to raise this issue on [d]irect [a]ppeal constitutes [i]neffective

[a]ssistance of [c]ounsel" and that "[b]ut for these errors, there is 'a reasonable probability the outcome of the proceeding would have been different.'"

Inasmuch as Petitioner asserts that his trial counsel was ineffective for failing to litigate a Rule 404(b) motion or that his appellate counsel was ineffective for failing to raise the issue on direct appeal, as noted above, this Court considered the 404(b) issue on its merits on direct appeal. *See Coleman*, 2024 WL 4902505, at *10-12. As we observed in the opinion on direct appeal, the trial court held an extensive pretrial hearing on the issue, and this Court reviewed the trial court's ruling for an abuse of discretion and found none. *Id.* In his appellate brief, Petitioner appears to suggest that one prior instance of domestic violence was not previously determined. Without citation to the record or authority, he states, "The Court of [Criminal] Appeals notes that on appeal, [Petitioner] challenged only one of those two instances. Here [Petitioner] challenges both." Presumably, Petitioner is referring to this Court's statement: "When addressing the [Petitioner]'s motion to exclude the four previous instances of domestic violence, one of which the [Petitioner] does not contest on appeal, the trial court followed the procedural requirements of Tennessee Rule of Evidence 404(b)." *Id.* at *11. Inasmuch as he alleges the ineffective assistance of appellate counsel, Petitioner fails to support the claim with any argument or citation to authority. *See* Tenn. R. App. P. 27(a)(7).

The post-conviction court did not err when it summarily dismissed Petitioner's post-conviction petition.

CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's order summarily dismissing Petitioner's petition for post-conviction relief.

*S/Timothy L. Easter*
TIMOTHY L. EASTER, JUDGE

- 4 -